THE BOARD OF COMMISSIONERS OF LAWRENCE COUNTY *v.* THE BOARD OF COMMISSIONERS OF FLOYD COUNTY.

CHANGE OF VENUE.—COSTS OF IN CRIMINAL CASES.—Sections 99 and 100 of the R. S. 1843, (p. 1002) which provide that the county from which a change of venue is taken, in a criminal case, shall pay to the county to which it is taken the expenses of the trial, are continued in force by section 172 of the criminal practice, act of 1852.

APPEAL from the *Lawrence* Circuit Court.

ELLIOTT, J.—The case presented by the record is this: *Benjamin Newland* was indicted in the *Lawrence* Circuit Court for the crime of murder, alleged to have been committed at said county. On the application of the accused, a change of venue, on account of the prejudice and excitement against him in *Lawrence* county, was granted by the court, and the cause sent to the *Floyd* Circuit Court for trial. It was accordingly tried in *Floyd* county. Subsequently, a detailed bill of the expenses of said trial, chargeable to the county, taxed and certified by the Judge of the *Floyd* Circuit Court, was presented in the name of the Board of

Commissioners of *Floyd* county, to the Board of Commissioners of *Lawrence* county, as a claim against the latter county; but they refused to allow the same. From which refusal an appeal was taken to the Circuit Court, where a judgment was rendered against the Board of Commissioners of *Lawrence* county for the amount of the claim, from which they appeal to this court.

The only question in the record is, was *Lawrence* county liable to pay the expenses of the trial of said cause in the *Floyd* Circuit Court?

It is conceded that neither the revision of 1852, nor any subsequent act contains any provision whatever as to whether the expenses of such a trial shall be borne by the county where the offense is alleged to have been committed and the prosecution is instituted, or by that to which the venue is changed and where the trial is had.

Sections 99 and 100 of chapter 54, of the code of 1843, (p. 1002) are as follows: "Sec. 99. In all changes of venue under the provisions of this article, the county from which the change was taken shall be liable for the expenses and charges of removing, delivering and keeping the prisoner, the per diem allowance of the associate judges, and expenses of the jury trying the cause, the necessary expenses incurred by or on account of the officers attending such trial, and of the whole panel of jurors in attendance during the time of such trial, and all other expenses necessary and consequent upon such change of venue and the trial of such defendant.

"Sec. 100. All costs and charges specified in the last preceding section, or coming justly and equitably within its provisions, shall be audited and allowed by the court trying any such cause; but where specific fees are allowed by law for any duty or service, no more or other costs shall be allowed therefor than could be legally taxed in the court from which such change was taken."

In the revision of 1852, the act in relation to pleadings and practice in criminal cases contains the following section:

"Sec. 172.   All laws inconsistent with the provisions of this act are hereby repealed.   The laws and usages of this State, relative to pleading and practice in criminal actions, not inconsistent herewith, as far as the same may operate in aid hereof, or to supply any omitted case, are hereby continued in force."   2 G. & H. 428.

It is insisted by the appellee's counsel that this section continues in force sections 99 and 100 of the fifty-fourth chapter of the code of 1843, copied above, as an omission in the code of 1852.   It was so held by the Circuit Court, and we are inclined to adopt the same view of the question. It seems eminently proper that some definite provision should exist by statute for the payment of the expenses incident to such trials, on change of venue.   This is done by the sections referred to in the code of 1843, but is omitted in the code of 1852.

Provisions for a change of venue of causes from one county to another, relate to the subject of practice in such cases.   They are found in that connection in our present code, and also in the code of 1843.   The incidental expenses of the trial on such change are but an incident of the change itself, and a provision for their payment, properly forms a part of the same subject, viz: the practice in such cases; and would be properly provided for under that head.

The statute requires all criminal prosecutions to be commenced and prosecuted in the county where the offense is committed, and the rule established by the sections referred to in the code of 1843, is, that each county shall bear the incidental expenses of the trial of all such prosecutions commenced therein; which seems to be in consonance with reason and justice.   It is in no wise inconsistent with anything in the act regulating criminal pleadings and practice, in the code of 1852; but on the contrary, it would, it seems to us, operate in aid thereof.   We therefore hold that sections 99 and 100, chapter 54, of the code of 1843, are continued

Board of Com. of Lawrence County *v.* Board of Com. of Floyd County.

in force by section 172 of the criminal practice act in the revision of 1852.

The judgment of the Circuit Court is therefore affirmed, with costs.

FRAZER, C. J., dissented.

*A. B. Carleton, P. A. Parks, G. Putnam* and *G. W. Friedley*, for appellant.

*G. V. Howk* and *R. M. Weir*, for appellee.