THE BOARD OF COMMISSIONERS OF BROWN COUNTY *v.* SUMMERFIELD.

CHANGE OF VENUE.—*Clerk's Fees.—Criminal Law.*—The clerk of a county to which a criminal case is removed by change of venue is not entitled to any fees to which the clerk of the county from which the case comes would not have been entitled if the case had been tried where it originated.

SAME.—*Allowance of Claims.*—The order of the court making an allowance for expenses and claims against the county from which a criminal case has come by change of venue, is *prima facie* evidence of the amount due, in all cases where the claims are such as are recognized by law.

SAME.—*Statutes.*—Sections 99 and 100 of chapter 54 of the code of 1843, p. 1002, were continued in force by section 172, 2 G. & H. 428.

APPEAL from the Brown Circuit Court.

BUSKIRK, J.—The case made by the record is this: Ambrose D. Cunning, Samuel Boriff, John M. Matheny, George W. Prosser, and Payne and Long, were indicted in Brown county for violations of the criminal laws of this State. Upon the application of the defendants, the venue was changed to Jennings county, where the defendants were tried and acquitted.

After the cases were disposed of, the court in Jennings county made the following order, which was entered of record, namely:

"And now at this time the court settles and allows the following fees and charges in the following State prosecutions, disposed of in this court upon change of venue from

the county of Brown and State of Indiana, which is now settled and allowed against said county, to wit: The State of Indiana *v.* Ambrose D. Cunning. Amount expended by and due to Jennings county, twenty-three dollars and fifty cents; Johnson W. Summerfield, clerk's fees, thirteen dollars." The same order was made in the case of Boriff.

In the case of Payne and Long no allowance was made to Jennings county, but there was allowed to Johnson W. Summerfield, for his fees as clerk, twelve dollars and fifty cents.

In the case of John M. Matheny the same order was made as in Payne and Long, except that the amount allowed to Summerfield was fourteen dollars and eighty cents.

In the case of Prosser the same order was made as in case of Matheny.

These orders and allowances were certified under the hand and seal of the clerk of Jennings county. The above claims were presented in the name of Johnson W. Summerfield, as a claim against the county of Brown, before the Board of Commissioners of said county.

The Board allowed in favor of Jennings county the sum of forty-seven dollars, but refused to allow anything for the fees of Summerfield, as clerk of Jennings county. From this order Summerfield appealed to the circuit court.

In the circuit court the case was, by the agreement of the parties, tried by the court, and resulted in a finding for Johnson W. Summerfield in the sum of one hundred and fifteen dollars and ten cents, that being the whole amount allowed by the Jennings Circuit Court.

The court overruled a motion for a new trial and rendered judgment on the finding. From this judgment the appellant appealed to this court.

Three errors are assigned: first, refusal of the court to strike out of the complaint all that related to the fees of the clerk of Jennings county; second, the overruling of three separate motions, assigning different causes, to dismiss the action; third, the overruling of the motion for a new trial. The motions to strike out and to dismiss and the rulings of

the court thereon are not presented by a bill of exceptions,. and therefore constitute no part of the record, and cannot. be considered by this court.

The only available error assigned is the overruling of the motion for a new trial.

The only evidence offered on the trial was the certified order and allowance of the Jennings Circuit Court. Did the evidence sustain the finding and judgment of the court?

It is conceded that neither the revision of 1852 nor any subsequent act contains any provision whatever, as to whether the expenses of such trials shall be borne by the county where the offence is alleged to have been committed and the prosecution is instituted, or by that to which the venue is changed, and where the trial was had.

In *The Board of Commissioners of Lawrence County* v. *The Board of Commissioners of Floyd County*, 28 Ind. 538, this court held, that sections 99 and 100, of chapter 54 of the code of 1843, p. 1002, were continued in force by section 172, 2 G. & H. 428.

Sections 99 and 100, of the code of 1843, read as follows:

"Sec. 99. In all changes of venue under the provisions of this article, the county from which the change was taken shall be liable for the expenses and charges of removing, delivering, and keeping the prisoner, the per diem allowance of the associate judges, and the expenses of the jury trying the cause, the necessary expenses incurred by or on account of the officers, attending such trial, and of the whole panel of jurors in attendance during the time of such trial, and all other expenses necessary and consequent upon such change of venue and the trial of such defendant."

"Sec. 100. All costs and charges specified in the last preceding section, or coming justly and equitably within its provisions, shall be audited and allowed by the court trying any such cause; but where specific fees are allowed by law for any duty or service, no more or other costs shall be

allowed therefor than could be legally taxed in the court from which such change was taken."

It is earnestly maintained by the appellee, that the order of the Jennings Circuit Court, settling and allowing the costs and charges was final and conclusive, not only as to the sums allowed, but as to the right of the persons in whose favor such allowances were made, to recover the sum allowed, against the county from which such change of venue was taken. We cannot concur with that view of the law. To make an order or judgment of a court final and conclusive, it is necessary that the party to be affected should be a party to the record. The action of the Jennings Circuit Court in making such allowance was *ex parte.* The Board of Commissioners of Brown county was in no sense a party to such proceeding. We think that the evident meaning of the legislature was that the court trying the cause should settle and determine the number of days that the jurors and associate judges were engaged in such trial, and the expense of removing, delivering, and keeping the prisoner, and the sums that the officers of the court were entitled to. We think that the allowances by the court do not conclusively determine the rights of the persons affected thereby, but the sums allowed will be presumed to be correct as to amounts, where the persons to whom such allowances were made were legally entitled to costs or charges. The sums allowed will be found *prima facie* evidence as to amounts, but not as to the legal right of the parties to such allowances. Suppose that the Jennings Circuit Court had made an allowance to the Prosecuting Attorney of that circuit for his fees, where the defendant was acquitted, or to the witnesses on behalf of the State and defendant, they not being poor persons, could it be successfully maintained that Brown county would be concluded by such allowances? We think not, because such allowances would be against the law, and could receive no validity from the unauthorized and illegal action of the court. When a person under the law was entitled to some allowance, the sum settled and allowed by the court will be

The Board of Commissioners of Brown County *v.* Summerfield.

*prima facie* evidence as to the correctness of the amount allowed; but where the person in whose favor such allowance is made is not, under the law, entitled to either fees, charges, or expenses, then such allowance will be void. The Circuit Court of Jennings county had no power to create a liability against the appellant; but where there was a legal liability, that court had the power to settle and allow the sums due to the respective parties, and such allowance would be presumptive evidence that the sums allowed were correct, and, in the absence of evidence attacking such allowance on the ground of mistake or fraud, should be deemed sufficient evidence by the Board of Commissioners of the county against whom such allowance was made.

The appellant has pressed upon our consideration, with great earnestness and much ingenuity, many reasons why we should overrule the case of *The Board of Commissioners of Lawrence County* v. *The Board of Commissioners of Floyd County, supra,* but we are not inclined to disturb the ruling in that case. We adopt the language of this court in that case, where it is said: "It seems eminently proper that some definite provision should exist by statute, for the payment of the expenses incident to such trials, on change of venue. This is done by the sections referred to in the code of 1843, but is omitted in the code of 1852."

Regarding secs. 99 and 100 of the code of 1843 as in force, the question recurs, was the clerk of Jennings county entitled to the allowance made to him by the circuit court of that county? Section 99 is broad and comprehensive enough to embrace an allowance to the officers of the court where a criminal cause was tried on change of venue, but that section is very materially modified and restricted by the proviso in section 100. These two sections are to be construed together.

It is provided in section 100, that, "but where specific fees are allowed by law for any duty or service, no more or other costs shall be allowed therefor than could be legally taxed in the court from which such change was taken."

Were any specific fees allowed by law to the clerk of Jennings county, for the duty or service rendered by him in said criminal trials? For if such specific fees were allowed, then the clerk of Jennings county was not entitled to an allowance for more or other costs than could be legally taxed in favor of the clerk of Brown county, if the case had been tried in that county.

It is provided by section 25 of the act of March 2d, 1855, p. 113, that, "in all criminal prosecutions, when the person accused shall be acquitted, no costs against such person, nor against the State or county," (shall be taxed) "for any services rendered in such prosecutions by any clerk, sheriff, coroner, justice of the peace, constable, or witness, but in all cases of conviction such fees and costs shall be taxed and collected as in other cases, from the person convicted."

This statute is a re-enactment of the one of March 2d, 1852. 1 G. & H. 338, sec. 25.

By the above section specific fees are allowed the clerk for the services rendered in criminal prosecutions in case of conviction, but none are allowed when the person accused is acquitted. The manifest intention of the legislature was to allow to the clerk and sheriff of the county where the case was tried, the same fees, no more or other than such officers could have charged if the case had been tried in the county where the offence was committed. If the indictments against Cunning and the other persons above named had been tried in Brown county, the clerk of that county could have taxed costs against the defendant in case of conviction, but none in case of acquittal.

Under section 25, of the act of March 2d, 1855, no costs could be taxed against the State, county, or person accused, in case of acquittal. It is to be presumed that the acts of March 2d, of 1852 and 1855 were passed in view of the fact that section 172 of the code had continued in force sections 99 and 100 of the code of 1843.

We are of the opinion that the clerk of Brown county could have taxed no fees against the State, county, or per-

sons accused, in case of acquittal, if the said cases had been . tried in that county, and that it was not the intention of the legislature to allow fees or compensation to the clerk of a county to which a change of venue was granted, when the clerk of the county from which the change was taken had no right to tax any fees.

We are clearly of the opinion that the circuit court of Jennings county had no power to make an allowance to the clerk of that county for the services rendered by him in such criminal prosecutions, and that the circuit court of Brown county erred in overruling the motion for a new trial.

There is no dispute about the facts, and they are all in the record. The justice of the case does not demand a new trial.

The judgment is reversed, with costs against the appellee; and the cause is remanded, with directions to the court below to render a judgment in favor of Jennings county for forty-seven dollars, and against the appellee on his individual claim and for costs.

*J. S. Hester*, for appellant.
*J. N. Kerr*, for appellee.