Gemmill *et al. v.* Arthur *et al.*

No. 14,382.

## GEMMILL ET AL. *v.* ARTHUR ET AL.

COUNTY COMMISSIONERS.—*Allowance by.*—*Appeal from.*—*Voluntary Services.* —*Insufficiency of Showing as to.*—Where a board of county commissioners allowed to certain claimants a sum of money to reimburse them for money paid out by them for the construction of a levee, and all that the record shows is that the persons to whom the allowance was made, with others, voluntarily constructed a levee on each side of the Salamonie river in the city of Portland, and that this levee was constructed on the land of an individual who afterwards dedicated it to the public for use as a public highway, the facts set out are altogether insufficient to bring the claim within the statute which denies the right of appeal from an allowance made by a board of county commissioners for voluntary services. No facts appear which show that the board of commissioners might, under any statute in force at the time, have entered into a contract for the construction of the work.

SAME.— *Allowances for Voluntary Services.*— *When can be Made.*—Boards of county commissioners are not authorized to make allowances without restraint or limit, under the guise of making allowances for services rendered and things furnished voluntarily. Allowances of that character can only be made when the circumstances are such that the board might have lawfully entered into a contract with those to whom the allowance was made for the services rendered or things furnished.

SAME.—*Illegal Allowance.*— *Who May Appeal from.*—If a board of commissioners makes an allowance when it would have had no power to make a contract for the services or things for which the allowance is made, the allowance is illegal, and any taxpayer feeling aggrieved may have relief ·by appeal.

SAME.—*Allowance.*—*Right of Appeal.*—*How Determined.*—Where an appeal is taken from an allowance made upon a claim for a certain sum of money, presented to the board of county commissioners by the claimants, it is a question of law for the court to determine after hearing all the facts, or after the facts are found, whether the decision appealed from was one which made an allowance for voluntary services within the discretion of the board, and from which no appeal would lie.

From the Jay Circuit Court.

*J. W. Headington, J. F. La Follette, H. N. Headington* and *L. I. Baker,* for appellants.

*D. T. Taylor, R. H. Hartford, J. B. Jaqua* and *J. A. Jaqua,* for appellees.

MITCHELL, J.—The record discloses the following facts: The board of commissioners of Jay county, while convened in special session on the 30th day of November, 1887, ordered that C. S. Arthur, and three others, be paid out of the county treasury the sum of $716.38 for money paid out by them for constructing a levee south of Ship street, in Wayne township, Jay county, Indiana. Within the proper time, Gemmill presented to the county auditor an affidavit and bond, and prayed an appeal to the circuit court. He deposed that he was the owner of real and personal estate, and that he was a resident taxpayer of Jay county, and that he was aggrieved by the allowance and decision of the board, in that the claim allowed was unjust; that it was not owing by the county; that it had been fully paid by the board of commissioners and others by way of donations. The matter was thereupon certified to the circuit court. The persons in whose favor the allowance had been made, assuming to enter a special appearance, moved to dismiss the appeal. They set up in a verified statement certain facts outside the record, upon which they predicated their motion to dismiss. The facts set up were to the effect that the allowance from which the appeal was taken was wholly voluntary on the part of the board of commissioners; that the claimants, with others, had, in May and June, 1882, constructed a levee on each side of the Salamonie river, at a point due south of the south end of Ship street, in the city of Portland; that they had paid out of their own private means $1,200 towards defraying the expense of constructing the levee, which was built on the lands of a third person, who, after it was completed, by a writing duly filed in the auditor's office, dedicated the land upon which it was constructed to the public for a public highway, which dedication was duly accepted by the board of commissioners in September, 1882, and that the commissioners voluntarily allowed the amount specified in their order as a partial reimbursement to the claimants for their outlay in constructing the levee.

Objection was also made to the form of the appeal bond, and to the sufficiency of the affidavit. The court sustained the motion, and dismissed the appeal. As there was nothing on the face of the record which in any way indicated that the allowance from which the appeal was taken was for services voluntarily rendered, or things voluntarily furnished for the public use, it may be doubted whether it was competent for the court to dismiss the appeal by assuming that the facts set forth in the motion to dismiss were true. An appeal having been taken from an allowance made upon a claim for a certain sum of money, presented to the board by the claimants, it was a question of law for the court to determine after hearing all the facts, or after the facts were found, whether the decision appealed from was one which made an allowance for voluntary services within the discretion of the board, and from which no appeal would lie. *Schmied* v. *Keeney,* 72 Ind. 309.

Waiving the method by which the claimants attempted to show that the allowance appealed from was for services voluntarily rendered, or things voluntarily furnished for the public use, it is clear that the facts set out in the verified motion, or statement, are altogether insufficient to bring the claim within the statute which denies the right of appeal.

Conceding that no right of appeal exists from the decision of a board making an allowance for things furnished, or services rendered voluntarily for the public use, it must be remembered that boards of commissioners are not authorized to make allowances without restraint, or limit, under the guise of making allowances for services rendered and things furnished voluntarily. Allowances of that character can only be made when the circumstances are such that the board might have lawfully entered into a contract with those to whom the allowance was made for the services rendered, or things furnished.

Our attention is not directed to any statute which authorizes county boards to construct levees, but there may be cir-

cumstances under which the construction of such work would be within the power of the board. If the construction of the levee was necessary for the safety or protection of an existing highway, or public bridge, or to render secure any property or public interest of the county, for the safety or protection of which the board of commissioners might have had the levee constructed by contract, it can not be doubted but that it was within their discretion to remunerate persons who may have anticipated the public necessity, even though it became necessary to build the levee on the land of an individual. Emergencies may arise where the public would suffer great inconvenience and loss but for the timely intervention of individuals who contribute services and material for the public use without waiting until a contract can be made with the county commissioners.

When services or things are voluntarily contributed in good faith for the public use, if the commissioners might have contracted for the services or things it is no more than right that the persons making the contribution should be paid. *Waymire* v. *Powell*, 105 Ind. 328; *Miller* v. *Embree*, 88 Ind. 133.

If, however, a board of commissioners makes an allowance when it would have had no power to make a contract for the services or things for which the allowance is made, the allowance is illegal, and any taxpayer feeling aggrieved may have relief by appeal. All that appears in the present case is that the persons to whom the allowance was made, with others, voluntarily constructed a levee on each side of the Salamonie River, at a point due south of the south end of Ship street, in the city of Portland, and that this levee was constructed on the land of an individual who afterwards dedicated it to the public for use as a public highway.

No facts appear which enable us to say whether the board of commissioners might, under any statute in force at the time, have entered into a contract for the construction of the work. For all that appears the levee may have been con-

structed for the protection of private property or for a purpose in which the board of commissioners had, as the agents and representatives of the county, no concern. However meritorious the work may have been, and however beneficial it may have turned out to be to the public, the power of the commissioners to reimburse those who constructed it depends wholly upon whether they could have employed them to do it at the time it was done. All the facts should be heard, and if the claim can stand the test proposed the appeal should be dismissed. If it can not, then manifestly the appeal was properly taken.

The affidavit and bond are sufficient, and the appeal to this court was properly taken. The county commissioners were not parties to the judgment, and were not necessary parties to the appeal.

Judgment reversed, with costs.

Filed Oct. 7, 1890.