Filed Jan. 8, 1895.

---

No. 17,188.

## TRANT, AUDITOR, ETC., *v.* STATE, EX REL. BOARD OF COMMISSIONERS OF GRANT COUNTY.

CHANGE OF VENUE.—*Liability of County for Costs in a Criminal Case.— Judgment Arrested, New Indictment Found.—Costs of Second Trial.—* The county from which a change of venue is taken in a criminal case is liable for all the costs made in the county to which the cause for trial was sent, and is also liable for all the costs occasioned by reason of the judgment of conviction having been arrested, a new indictment found and a second trial had, upon the election of the accused, in the county to which the case was sent.

SAME.—*Allowance of Court not Binding on County.—Presumptions as to Allowance Made by Civil Court.—*The allowance of the trial court do not conclusively determine the amount the county shall pay nor the persons to whom it is liable, and in an action to compel the payment of the amount allowed, the county may controvert both the amount allowed and the plaintiff's right to recover; but the amounts allowed will be presumed to be correct both as to the amounts and the persons to whom they were allowed.

SAME.—*Filing Claim Before Board of County Commissioners.—*The county claiming a reimbursement for money expended in a cause where a change of venue has been taken to it, must file its claim with the auditor of the county from which the change was taken, to be by him laid before his board of county commissioners.

SAME.—*Change of Venue, Costs.—Mandate to Compel Payment.—*Until a claim for reimbursement of costs has been presented to the board

Trant, Auditor, *v.* The State, *ex rel.* Board of Comm'rs of Grant Co.

of county commissioners, from which county the change was taken, and allowed, the auditor of the county can not be compelled by mandate to issue a warrant for the amount of such claims.

MANDAMUS.—*Peremptory Writ Must Conform to Alternative Writ.— Relief Relator Entitled to.*—A relator must prove himself entitled substantially to every claim, and to all redress which he seeks in his writ. If he fail to establish any substantial part of his claim his application will be denied. The peremptory writ must conform strictly to the alternative writ, except that the words containing the order to show cause why the writ should not be obeyed, and these words should be omitted. *State, ex rel.* v. *Miller, Aud.,* 107 Ind. 39, overruled in part.

From the Grant Circuit Court.

*E. Pierce,* for appellant.

*H. Brownlee* and *H. J. Paulus,* for appellee.

MONKS, J.—This was a proceeding brought by the board of commissioners of Grant county against appellant to collect, by writ of mandate from Blackford county, the expense of the trial of a criminal case, which originated in the said last named county and on change of venue was tried in Grant county.

The facts, so far as they are necessary to the decision of the questions raised, are as follows:

John Sage was charged, by indictment in the Blackford Circuit Court, with the crime of murder. He procured a change of venue to Grant county, where there was a trial and conviction, motion in arrest of judgment overruled and judgment on the verdict. Sage appealed to this court, where the cause was reversed and remanded, with instruction to the Grant Circuit Court to sustain the motion in arrest of judgment. The motion in arrest was sustained by the Grant Circuit Court in compliance with the mandate of this court. Sage elected, under the provision of section 1843, Burns Statutes 1894 (section 1774, R. S. 1881), that the further prosecution of said cause should be in the Grant Circuit Court. Afterwards,

an indictment was returned by the grand jury of Grant county, again charging him with the same crime for which he had been once convicted, as aforesaid; upon this indictment he was tried and convicted of murder.

One controversy in this case is as to the liability of Blackford county for the expense of the case against Sage after the motion in arrest was sustained by the Grant Circuit Court. The determination of this question depends upon the construction given to the following sections of Burns Statutes 1894:

Section 1837 (1768). Every criminal action shall be tried publicly in the county in which the offense shall have been committed, except as otherwise provided in this act.

Section 1838 (1769). The defendant may show to the court by affidavit that he believes he can not receive a fair trial, owing to the bias and prejudice of the judge against him or to excitement or prejudice against the defendant in any county or some part thereof, and demand to be tried by disinterested triers.

Section 1843 (1774), *supra.* If it shall be necessary to institute a new prosecution for the same offense after such change, the defendant in such case shall elect, when thereunto required by the court, whether such further prosecution shall be instituted in the court to which or from which such change of venue was taken, and thereupon he may be recognized to appear in the court which he elects or be committed for want of bail, detained in custody or remanded to the county from which the change was taken, as the case may require.

Section 1845 (1776). If such defendant is prosecuted for such offense in the court to which such change was taken, such indictment may be found, or information filed, and prosecuted to final execution therein, as if such offense had been committed in the county of such

court; but the indictment or information in such case shall state how the proceedings came into the court where the party elects to be tried, and that he has elected to be tried in such county.

Section 1846 (1777). If such party refuse to elect in which county such prosecution may be instituted, he shall be recognized to appear before or be remanded to the proper court of the county from which the change of venue was taken, in like manner as if he had elected to be proceeded against in such county.

Section 1847 (1778). In all changes of venue from the county, the county from which the change was taken shall be liable for the expenses and charges of removing, delivering and keeping the prisoner, and the per diem allowance and expenses of the jury trying the cause, and of the whole panel of jurors in attendance during the trial.

Section 1848 (1779). All costs and charges specified in the last section, or coming justly and equitably within its provisions shall be audited and allowed by the court trying such cause; but where specific fees are allowed by law for any duty or service, no more or other costs shall be allowed therefor than could be legally taxed in the court from which such change was taken.

These sections clearly indicate that it was intended that each county should bear the expense of the prosecution and trial of all offenses committed within its limits.

After the motion in arrest of judgment was sustained what was necessary to give the Grant Circuit Court jurisdiction to proceed with the further prosecution of Sage for the said offense of murder?

First. That he had been indicted by the grand jury of Blackford county for the crime of murder, and arrested on said charge.

Second. That the Blackford Circuit Court had, on his application, changed the venue of said cause to the Grant Circuit Court.

Third. That he had been tried and convicted in the Grant Circuit Court on said indictment, and that· said court had sustained his motion in arrest of judgment, on account of a defect in said indictment.

Fourth. That on being required by the court he elected that the further prosecution of said offense should be instituted in the Grant Circuit Court.

The indictment returned by the grand jury of Grant county to be sufficient must not only charge in apt words the commission of the offense in Blackford county, but must also allege all the foregoing facts, showing how the proceedings came into such court, and that he had elected to be tried in such county. Section 1845, *supra.*

The indictment of Sage by the grand jury of Blackford county, and the change of venue by him to Grant county, were essential to the jurisdiction of the Grant Circuit Court. From a consideration of the foregoing sections of the statute, the conclusion is inevitable, that the further prosecution of said cause, after the motion in arrest was sustained, was a continuation of the original case. It is provided by section 1847, *supra,* "that in all changes of venue from the county, the county from which the change was taken shall be liable, etc." This cause could not have been in the Grant Circuit Court if the venue had not been changed; it was there on a change of venue, or the grand jury of Grant county could not have returned an indictment after the motion in arrest was sustained.

We are of the opinion that Blackford county is liable for the legitimate expenses of the Sage case, under the indictment returned by the grand jury of Grant county. The alternative writ commanded appellant to draw

his warrant on the treasurer of Blackford county for $2,443.15, the amount audited and allowed by the Grant Circuit Court. Appellant demurred to the application and alternative writ, which demurrer was overruled and exception taken.

Appellant urges that the court erred in overruling his demurrer to the application and alternative writ, for the reason that the amount allowed by the Grant Circuit Court is not final and conclusive; and for the further reason that the exhibit filed with, and made a part of, the application and alternative writ shows that items of cash were included in the amount of $2,443.15, which were illegal and void.

Sections 1847 and 1848, Burns Statutes, 1894 (sections 1778 and 1779, R. S. 1881), *supra*, are substantially the same as sections 99 and 100, R. S. 1843, set forth and construed in the case of *Board, etc.,* v. *Summerfield*, 36 Ind. 543, and must receive the same construction.

The order of the Grant Circuit Court auditing and allowing the costs and charges of the Sage case against Blackford county, and ordering the auditor of said county to draw a warrant on the treasurer of said county for $2,443.15 was not final or conclusive. Blackford county was not a party to such proceeding and the appellant may contest the correctness of the allowance made.

In the case of *Board, etc.,* v. *Summerfield, supra,* speaking for this court, BUSKIRK, Judge, said: "We think the evident meaning of the Legislature was that the court trying the cause should settle and determine the number of days that the jurors and associate judges were engaged in such trial, and the expense of removing, delivering, and keeping the prisoner, and the sums that the officers of the court were entitled to. We think that the al-

lowances by the court do not conclusively determine the rights of the persons affected thereby, but the sums allowed will be presumed to be correct as to amounts, where the persons to whom such allowances were made were legally entitled to costs or charges."

"When a person under the law is entitled to some allowance, the sum settled and allowed by the court will be *prima facie* evidence as to the correctness of the amount allowed; but where the person in whose favor such allowance is made, is not, under the law, entitled to either fees, charges, or expenses, then such allowance will be void."

HAMMOND, J., speaking for this court in *State, ex rel.,* v. *Snodgrass, Trustee,* 98 Ind. 546, said: "The writ of mandate will issue only where there is a clear legal right to the relief demanded. If the right is doubtful, it must first be established by an ordinary action at law, where the right is such as admits of its establishment in that way. A fiscal officer can not, by mandate, be required to pay a claim where any duty is devolved upon him except the mere ministerial act of making payment. The validity of the claim and the amount due must have been definitely ascertained by some competent officer or tribunal, whose decision, while unappealed from or unreversed, is final and conclusive before its payment can be enforced by mandate. If the officer, whose duty it is to make the payment, must himself, at his own risk, inquire into the validity and the amount of the claim, he may not be compelled by mandate to make payment. He may, for his own protection in such case, require an adjudication of the claim before paying it. High Ex. Legal Rem., sections 100–117."

Under these rules, Grant county must file her claim with the auditor of Blackford county, to be by him presented to the board of county commissioners, as required by section 8845, Burns Statutes 1894 (section

5758, R. S. 1881). This seems to have been the practice under sections 99 and 100, R. S. 1843, *supra*. *Board, etc.,* v. *Summerfield, supra; Board, etc.,* v. *Board, etc.,* 28 Ind. 538.

The exhibit filed with, and made a part of, the alternative writ and the application therefor shows that some of the items of costs allowed and included in the amount of $2,443.15 were not proper charges against Blackford county. These items amount to such sum as to substantially reduce the amount demanded in the writ. It is an established rule that in mandamus proceedings the relator must prove himself entitled substantially to every claim and to all the redress which he seeks in his writ. If he fails to establish any substantial part of his claim, his application will be denied. The rule has always been that the peremptory writ must conform strictly to the alternative writ, except the words containing the order to show cause why the writ should not be obeyed, should be omitted. *Queen* v. *Tithe Commissioners,* 19 L. J. (Q. B.) 177; *King* v. *Church Trustees,* 3 Adolph. & El. 535; *Shelby Township, etc.,* v. *Randles,* 57 Ind. 390; *State* v. *Kansas City, etc., R. R. Co.,* 77 Mo. 143; *Chance* v. *Temple,* 1 Iowa, 179; High Ex. Legal Rem., section 548; *State, ex rel.,* v. *Grubb, Trustee,* 85 Ind. 213; *State, ex rel.,* v. *Snodgrass, Trustee, supra.*

For these reasons the court erred in overruling the appellant's demurrer to the alternative writ and application.

The case of *State, ex rel.,* v. *Miller, Aud.,* 107 Ind. 39, was a proceeding similar to this, in which the lower court sustained the demurrer to the alternative writ and this court reversed the cause and directed the lower court to overrule said demurrer; but in that case the only question considered by the court was as to the power of the circuit court to assign counsel to a poor person

charged with crime and make an allowance for services performed under such an assignment. This court correctly held in that case that the circuit court had such power, and that when exercised in a criminal case on change of venue such an allowance came "justly and equitably within the provisions of sections 1847 and 1848, Burns Statutes 1894 (sections 1778 and 1779, R. S. 1881)."

So far as the last named case may be deemed to hold that *mandamus* lies against a county auditor to compel him to draw his warrant to pay the amount allowed by the court under the foregoing sections of the statutes, the same is overruled.

The amount of the judgment below was $2,064.05. Considering the amount of recovery, the court must have deducted substantially all the items which appear from the allegations in the pleadings to have been improper charges against Blackford county.

The judgment is reversed, with instructions to sustain the demurrer to the alternative writ.

Filed Jan. 15, 1895.