Monks, J.
On August 28,1896, at a special session of the board of commissioners of Fulton county, appellee filed a claim against said county, one of the items of which was, “For sub-basement, $19,996.42.” Said item was disallowed and the remainder of the claim was allowed. On the next day, August 29, said board of commissioners entered into and signed a written agreement with appellee, “that all matters in dispute between the parties concerning the extra work in the foundation and sub-basement of the new courthouse, including material used, labor employed in the construction of the same, and the value thereof, be submitted to arbitration for determination and adjustment.” And “that said award shall be entered of record in the commissioners’ court aforesaid, as a rule of said court.” Afterwards, on September 7, 1896, the first day of the September session of the board, the arbitrators filed before said board of commissioners their award, in which they found and awarded that appellee should receive the sum of $18,624.17, in full, of all demands against the county of Fulton, After-wards, on September 10, 1896, the board of commissioners of said county, over the written protest of appellant, confirmed said award and allowed $18,624.17, the amount of said award, and ordered the auditor to issue a warrant in favor of appellee therefor “in full payment, settlement and satisfaction of said extra *452 work and materials.” Afterwards, in proper time, appellant filed the affidavit required by section 7859, Burns’ R. S. 1894 (5772, R. S. 1881), and prayed an appeal to the circuit court. A transcript of the proceedings, as heretofore set out, was certified to the circuit court. In the circuit court appellee filed a motion to dismiss the appeal, and appellant filed a motion to dismiss the cause appealed, for the reason that the board of commissioners had no jurisdiction over the same. The court overruled appellant’s motion to dis-. miss the proceeding, to which ruling appellant excepted, and the court sustained the appellee’s motion to dismiss the appeal, to which ruling of the court appellant excepted. The court thereupon rendered judgment, dismissing said appeal, and for costs against appellant.
The errors assigned call in question the action of the court in overruling appellant’s motion to dismiss said cause, and in sustaining appellee’s motion to dismiss the appeal.
It is insisted by appellant that boards of county commissioners in this State have no power to submit disputes, concerning claims against the county, to arbitration; and that, therefore, the submission of appellee’s claim against the county to arbitration, and the confirmation and allowance of the award, was without authority and void. We concur in this contention of appellant. The boards of commissioners have no powers except such as are expressly or impliedly given by statute. Their powers are limited and must be exercised in the manner provided by statute. State ex rel., v. Hart, 144 Ind. 107, and cases cited, 33 L. R. A. 118; Board, etc., v. Allman, Admr., 142 Ind. 573, 578 and cases cited. The power exercised by the board of commissioners in this case is not expressly given by statute, but, on the contrary, is at least impliedly denied.
*453 Section 7845, Burns’ R. S. 1894 (5758, R. S. 1881) requires that whenever any person has a claim against the county he shall file it with the county auditor, to be by him presented to the board of county commissioners. It is expressly provided by statute, section 7848, Burns’ R. S. 1894 (5761, R. S. 1881), that “no allowance shall be made by such commissioners, unless the claimant shall file with such commissioners a detailed statement of the items and dates of charges, nor until such competent proof thereof is adduced in favor of such claim as is required in other courts; but if the truth of such charge be known to such commissioners, it may be allowed without other proof, upon that fact being entered of record in the proceeding about the claim.”
Under the provisions of sections 7856, 7858, Burns’ R. S. 1894 (5769, 5771, R. S. 1881), an appeal may be taken from all decisions for allowances other than for services voluntarily rendered or things voluntarily furnished, within thirty days, to the circuit or superior court, the party taking the appeal giving bond against cost. Under section 7859, Burns’ R. S. 1894 (5772, R. S. 1881) this appeal may be taken by any taxpayer of the county, whether a party to the proceeding or not. Gemmill v. Arthur, 125 Ind. 258; State ex rel. v. Benson, 70 Ind. 481; Fordyce v. Board, etc., 28 Ind. 454.
It is evident that a board of commissioners has no power to allow any claim against the county, unless a detailed statement of the items and dates of charges is filed, as required by section 7848 (5761), supra; and that when so filed it is the imperative duty of the commissioners, under said section, not to allow said claim until the same proof is given in favor thereof, as is required in other courts, except that in cases where the commissioners have personal knowledge *454 that the claim is correct and the county is liable therefor, the same may be allowed without proof, provided the fact of such knowledge on the part of the commissioners is entered of record in the order of allowance. These provisions of said section are mandatory, and must be complied with by the board of commissioners in the allowance of all claims.
As boards of commissioners, under our statutes, have exclusive, original jurisdiction of all claims against the county, no court can acquire jurisdiction of a claim against the county, except where the claim, or a part thereof, is allowed and a taxpayer appeals, or where the claim is disallowed in whole or in part, and the claimant appeals or brings an action against the county therefor. Sections 7847, 7856, Burns’ R. S. 1894 (5760, 5769, R. S. 1881); Bass Foundry, etc., Works v. Board, etc., 115 Ind. 234, 141 Ind. 68; Board, etc., v. Harlem, 108 Ind. 164, 167; Board, etc., v. Maxwell, 101 Ind. 268; State, ex rel. v. Board, etc., 101 Ind. 69; Pfaff v. State, ex rel., 94 Ind. 529; Board, etc., v. Hon, 87 Ind. 356.
Construing the foregoing sections of the statutes in regard to the allowance of claims against a county, and appeals therefrom, it is élear that the legislature intended that the taxpayers of the county should have an opportunity to appeal from every allowance made by the board of commissioners, except allowances for services voluntarily rendered or things voluntarily furnished, and to contest the claimant’s right to such allowance in the circuit or superior court. This right was given to the taxpayers, those most directly interested, to enable them to make all legal and equitable defenses to claims allowed against the county, and was for the protection of the public funds.
If the board of commissioners has the power to submit claims against the county to arbitration, and is *455 bound by tbe award, tbe question whether or not the claim is correct or the county is liable therefor, cannot be the subject of inquiry, unless the award is set aside. The award would - be conclusive as to the liability of the county, so long as it stands. For the rule is that a valid award settles the matter submitted, and precludes inquiry as to whether or not a good cause of action existed, or whether there was any defense thereto. Dilks, Admr., v. Hammond, 86 Ind. 563; Indiana Ins. Co. v. Brehm, 88 Ind. 578, 583; Russell v. Smith, 87 Ind. 457, 466-470; Baltes v. Bass Foundry, etc., Works, 129 Ind. 185, and cases cited; Terre Haute, etc., R. R. Co. v. Harris, 126 Ind. 7; Walters v. Hutchins', Admx., 29 Ind. 136; 2 Am. and Eng. Ency. of law (2d ed.), 794, 798.
It follows that, if the board of commissioners have the power to submit claims against the county to arbitration, the requirements of section 7848 (5761), supra, in regard to filing claims and the proof required, etc., could be disregarded, and the sections giving taxpayers the right to appeal and make all defenses, legal and equitable for the county, rendered of no avail.
To adjudge that boards of county commissioners have such power would render ineffectual many laws enacted for the protection of the public funds. Besides the provisions of the statutes concerning the allowance of claims against the county and the right of appeal therefrom, are inconsistent with and absolutely negative the right of the board of commissioners to exercise any such power.
We therefore hold that boards of county commissioners in this State have no power to submit to arbitration claims against the county. It follows that the award in favor of appellee against Fulton county, and the order of the board of commissioners affirming the same, and ordering the auditor to. issue to appellee a *456 warrant for the amount of said award, were without jurisdiction and void. The decision of the board of county commissioners in confirming said award and ordering the issuance of said warrant was one from which appellant had the right to appeal under the statutes. Millisor v. Wagner, 133 Ind. 400, 403; Louisville, etc., R. W. Co. v. Lockridge, 93 Ind. 191, and cases cited.
The court, therefore, erred in sustaining appellee’s motion to dismiss the appeal and also erred in overruling appellant’s motion to dismiss the proceeding for want of jurisdiction of the board of commissioners.
Judgment reversed, with instructions to set aside the order dismissing said appeal, and to overrule the motion to dismiss said appeal and sustain appellant’s motion to dismiss the proceeding.