THE BOARD OF COMMISSIONERS OF CARROLL COUNTY. ET AL. *v.* POLLARD ET AL.

[No. 2,428.   Filed April 28, 1897.]

COSTS.—*Attorney's Fees.—Allowance of by Court.— Change of Venue. —Statutes Construed.*—An allowance made to attorneys who have been appointed to assist in the prosecution or defense of a criminal cause by the court of the county to which a change of venue has been taken and in which the trial thereof was had under sections 1847, 1848, Burns' R. S. 1894, is not conclusive against either the claimants or the county from which the cause was removed; the amount so fixed is only *prima facie* evidence of the correctness' of the sum allowed and may be inquired into by either party. *pp. 473, 474.*

SAME.—*Attorney's Fees.—Change of Venue.—Jurisdiction.*—Where an allowance has been made to attorneys for assisting in the prosecution and defense of a criminal cause by the court of a county to which a change of venue had been taken, and the cause tried, and thereafter such claims were allowed in part by the board of commissioners of the county from which the cause was removed, such county will not be bound by a judgment of the court of the county to which the change of venue had been taken, made thereafter on petition of the claimants. *pp. 478–481.*

CHANGE OF VENUE.—*Allowance of Costs and Expenses.—Statute Construed.*—Section 418, Burns' R. S. 1894 (414, R. S. 1881),.providing for the manner of allowance and payment of costs and expenses in changes of venue, in so far as it applies to criminal cases, has been superseded and impliedly repealed by sections 1847, 1848, Burns' R. S. 1894 (1778, 1779, R. S. 1881). *pp. 473, 476.*

From the Cass Circuit Court.   *Reversed.*

*L. D. Boyd, John C. Nelson* and *Quincy Myers,* for appellants.

*McConnell & Jenkins* and *John H. Gould,* for appellees.

The Board of Com'rs of Carroll, County *et al. v.* Pollard *et al.*

. . ROBINSON, J.—This cause was transferred to this court by the Supreme Court. *Board, etc., v. Pollard* 147 Ind. 297.

In October, 1895, one Whitmore was indicted in Carroll county for murder, and the appellees, Charles R. Pollard and Robert C. Pollard, as the firm of Pollard & Pollard, were, by the Carroll Circuit Court, appointed to assist the prosecuting attorney in his prosecution. Upon the application of the defendant to defend as a poor person, the court appointed M. A. Ryan and Smith & Julian as counsel for the defendant. The venue was then changed to the Cass Circuit Court, and that court appointed the firm of Fansler & Mahoney as additional counsel for the defendant. A trial was had, and, the Cass Circuit Court made allowances to the attorneys as follows: to M. A. Ryan, $850.00; to M. F. Mahoney, $750.00; to Smith & Julian, $850.00; to Thomas B. Wilbur, prosecuting attorney, $400.00; to Pollard & Pollard, $1,500.00. These allowances were certified to Carroll county and were allowed in part by the board of commissioners of that county. At the next term of the Cass Circuit Court the appellees, Pollard & Pollard, M. A. Ryan and M. F. Mahoney, filed their separate petitions under the original number and cause of the *State* v. *Whitmore,* asking a correction of the original orders of allowance to them, respectively. The prayer of the respective petitions was to direct the auditor of the proper county to draw his warrant upon the treasurer thereof and for other proper relief. The petition asked for an order for notice to the boards of commissioners of Carroll and Cass counties, respectively, of the pendency of the petitions. The court ordered that the original cause be re-docketed, that the notices be given, and notice was served on the individual members of the board of each county. Appellants entered

their several appearance and moved to quash the no-
tice and also to strike out the several petitions, which
motions were overruled and exceptions saved. Va-
rious pleas and objections to the proceedings were in-
terpósed by appellants, and upon issues joined be-
tween the parties, and a hearing, the court found in
favor of appellees and against the board of Carroll
county, and ordered that the following sums be paid
by that county, namely: to appellee, M. F. Fansler,
$750.00; to M. A. Ryan, $850.00; to Pollard & Pollard,
$1,500.00. The board of commissioners of Carroll
county filed a motion for a new trial, which was over-
ruled, and from the order of the court making the al-
lowances to the appellees, appellants have appealed,.
and assign numerous alleged errors through which
they each ask a reversal.

After motions to quash the notices and to strike
out the petitions had been overruled, the board of
Carroll county filed its verified plea in abatement, de-
nying the court's jurisdiction and setting up the facts
that at a duly convened session of the board the
claims set out in the petitions were filed with the au-
ditor of Carroll county, Indiana, and were presented
to the board and each allowed in part; that from said
orders of allowance no appeal was taken and no ac-
tion on account of such claims had been brought
against Carroll county, or the board of commissioners
of that county or any other person or persons repre-
senting Carroll county, prior to the filing of these pe-
titions. To this plea a demurrer was sustained.

The correctness of the court's rulings on the various
motions and pleas interposed depends upon one ques-
tion, and that is whether the court had jurisdiction
of the parties and of the subject-matter.

This appeal is prosecuted, and the case was tried,
upon the theory that the allowances made upon the

petitions filed have the force and effect of judgments against Carroll county, and upon that theory the appeal will be determined. Appellee's counsel say in their brief: "We are free to say that the appellants were made parties in order that they might be bound by the orders sought." As stated in the opinion of Jordan, C. J., transferring the case to this court: "The essential feature of the case, and the one which indicates its character, is the demand for a recovery of a money judgment."

For the payment of costs and expenses in changes of venue in criminal cases, the statute provides: "In all changes of venue from the county, the county from which the change was taken shall be liable for the expenses and charges of removing, delivering and keeping the prisoner, and the *per diem*, allowance and expenses of the jury trying the cause, and of the whole panel of jurors in attendance during the trial." "All costs and charges specified in the last preceding section, or coming justly and equitably within its provisions, shall be audited and allowed by the court trying such cause; but where specific fees are allowed by law for any duty or service, no more or other costs shall be allowed therefor than could be legally taxed in the court from which such change was taken." Sections 1847, 1848, Burns' R. S. 1894 (1778, 1779, R. S. 1881).

Section 418, Burns' R. S. 1894 (414, R. S. 1881), in so far as it applies to criminal cases, has been held superseded and impliedly repealed by sections 1847 and 1848, *supra; State, ex rel.,* v. *Miller, Aud.,* 107 Ind. 39.

Conceding, without deciding, that the Cass Circuit Court had the power to re-docket the case of the *State* v. *Whitmore* upon the filing of these petitions at a subsequent term of the court, and that it had the power to modify an order it had previously made in

connection with that case, yet it would not necessarily follow that it could, by any modification then made, bind anyone not. originally a party. The petitions asked for the modification of an order previously made in a certain case and the effect of such a modification would necessarily be limited to the parties who were before the court when the original order was made.

It was proper for the Cass Circuit Court to make allowances to appellees for their services, and to fix the amounts. But appellees' rights against Carroll county would not have been prejudiced had the court made no allowance. When appellees had been appointed by the court and had performed the services their right to present a claim against Carroll county was complete. The liability of the county for the value of the services arose from the performance of the services upon the order of the circuit court and not from the order of the circuit court making the allowance.

In *Board, etc.,* v. *Courtney,* 105 Ind. 311, the court said: "In the orderly course, it should be audited and allowed by the court, but the services having been performed upon the order of the court, the obligation of the county to pay exists nevertheless, and the failure of the court to make the allowance does not discharge the county from its obligation. * * * Since the amount fixed by the court is not, and could not be, conclusive as an adjudication, the failure to allow anything does not deprive the claimant of his rights."

Since the order of the court fixing the amount can not be conclusive as an adjudication, either as against the claimant or against the county, the allowance, when the amount is fixed, is only *prima facie* evidence of the correctness of the sum allowed and may be inquired into by either party. Thus, in the case of *Board, etc.,* v. *Summerfield,* 36 Ind. 543, the court said: "We think that the evident meaning of the legislature

was that the court trying the cause should settle and determine the number of days that the jurors and associate judges were engaged in such trial, and the expense of removing, delivering, and keeping the prisoner, and the sum that the officers of the court were entitled to. We think that the allowances by the court do not conclusively determine the rights of the persons affected thereby, but the sums allowed will be presumed to be correct as to amounts, where the persons to whom such allowances were made were legally entitled to costs or charges. * * * When a person under the law was entitled to some allowance, the sum settled and allowed by the court will be *prima facie* evidence as to the correctness of the amount allowed; but where the person in whose favor such allowance is made is not, under the law, entitled to either fees, charges, or expenses, then such allowance will be void."

This doctrine is expressly approved in *Board, etc., v. Courtney, supra,* and in *Trant, Aud., v. State, ex rel.,* 140 Ind. 414. In this last case it was held that "sections 1847, 1848, Burns' R. S. 1894 (1778, 1779, R. S. 1881), *supra,* are substantially the same as sections 99 and 100, R. S. 1843, set forth and construed in the case of *Board, etc., v. Summerfield,* 36 Ind. 543, and must receive the same construction."

It is true, the case of *Board, etc., v. Courtney, supra,* holds that when such a claim is audited and allowed by the court, and duly certified, no discretion remains with the auditor to whom the account is certified. But this holding was overruled in *Trant, Aud., v. State, ex rel., supra.*

Counsel for appellee cite the case of *Gill v. State, ex rel.,* 72 Ind. 266, in support of their contention that the appellants having had an opportunity to contest these allowances are bound by the judgment of the

court.    But the statute under which that case was decided has been superseded by sections 1847 and 1848, Burns' R. S. 1894, in respect to criminal cases. A comparison of the two statutes will disclose a material difference in their phraseology. The opinion itself points out the distinction between the act of 1873 and the law of 1843, which is substantially the law now in force, as follows: "The law of 1843, referred to, provided that the costs and charges should 'be audited and allowed by the court trying the cause,' but contained no provision like that in the act of 1873, that the 'court shall certify such allowance to the auditor of the county from which the change was taken, and such auditor shall issue his warrant on the treasurer of the county for the amount so allowed and certified.'" The court held that this provision of the act of 1873 was mandatory and permitted of no discretion on the part of the auditor, and that such officer would be compelled by mandate to draw his warrant.    But as we have seen under the present statute, which is substantially the law of 1843, the auditor cannot be compelled by mandate to draw his warrant for such allowance. *Trant, Aud.,* v. *State, ex rel., supra.* In *State, ex rel.,* v. *Miller, Aud., supra,* the court said:   "As to the conclusiveness of allowances made under the provisions of sections 1778, 1779, in question [1847 and 1848, Burns' R. S. 1894], we think they ought to stand substantially upon the same footing as those made under the two sections of the Revised Statutes of 1843, set forth and construed in the case of *Board, etc.,* v. *Summerfield,* 36 Ind. 543.   Upon that point the case of *Gill* v. *State, ex rel., supra,* to which allusion has been made, is not a precedent of binding authority, since it was decided under a law different from the statutory provisions, both of 1843 and 1881, and no longer in force in criminal cases."

We .know of no statute that would permit. appellees to sue the board of commissioners of Carroll county in the Cass Circuit Court, and, over an objection by the board to the jurisdiction, recover a judgment. Yet this is precisely the effect appellees are seeking to give to this proceeding. The Cass Circuit Court had already made the allowances and the statute fixed the county that must pay them. The statute, and not the order of the Cass Circuit Court fixed the liability of Carroll county. It was not necessary that the board of Carroll county .should be brought into court to determine what part of the allowances should be paid by it. If the original orders making the allowances were incomplete or wrong, the court could have the parties, before it when the orders were made, brought in and correct them. These orders were no part of the judgment in the case of *State* v. *Whitmore, supra.*

A court cannot do indirectly what it could not do directly. If this judgment stands, is it proposed to issue an execution upon it against the property of Carroll county? Is the statutory right of the board of Carroll county to pass upon a claim against the county to be cut off by an original proceeding in the circuit court of another county? Is the original jurisdiction of the board, over a claim against its own county to be supplanted by another county? Is the right of every taxpayer of Carroll county to appeal from an order of the board making an allowance against the county to be foreclosed by a court of another jurisdiction?

It is provided by statute that any person having a legal claim against any county shall file it with the county auditor, to be by him presented to the board of commissioners; that the board shall examine into the merits of all claims so presented, and may in its discretion allow the claim in whole or in part as it may

find it to be just and owing, and that no court shall have original jurisdiction of any claim against any county in this State in any manner except as provided for by statute. It is further provided that no allowance shall be made by the board unless the claimant shall file with the board a detailed statement of the items and dates of charge, nor until such competent proof thereof is adduced in favor of such claim as is required in other courts, unless the truth of such charge be known to the board, in that event it may be allowed by the board without other proof, but that fact must be entered of record in the proceedings about the claim. Sections 7945-7848, Burns' R. S. 1894. In the event a claim is allowed by the board and any taxpayer of the county feels aggrieved, or if the claim is disallowed and the claimant feels aggrieved, the statute makes provision for an appeal. Or, if the claimant prefer, he may bring an action against the county in place of taking an appeal from the board's decision. Sections 7856, 7858, 7859, Burns' R. S. 1894.

By these mandatory provisions, the board of commissioners is given exclusive original jurisdiction of all claims against the county of whatever description, except such claims as may be excepted out of the provisions of the above sections by some particular statute. So that when it is contended that a claim against a county can be collected in any manner other than these sections provide, there must be a statute prescribing in plain terms the manner in which it shall be done.

Even if the board of commissioners of Carroll county had voluntarily appeared in the Cass Circuit Court, and the members of the board had submitted themselves to its jurisdiction, that court would have had no power to render a money judgment binding on Carroll county, or to enter any order by virtue of

which money could be drawn from its treasury. It has often been declared that boards of commissioners have no powers except such as are expressly or impliedly given by statute, and that their powers are limited and must be exercised in the manner provided by statute. *Myers* v. *Gibson* (Ind. Sup.), 46 N. E. 914, and cases therein cited; *Board, etc.,* v. *Allman,* 142 Ind. 573, and cases cited; *State, ex rel.,* v. *Hart,* 144 Ind. 107, and cases cited; *State, ex rel.,* v. *Jamison,* 142 Ind. 679.

There is no statute conferring such power or authority, either expressly or impliedly, but, on the contrary, such authority is impliedly denied. The statutes make complete provision for the allowance of all claims against the county. And it is expressly provided that an appeal may be taken from all decisions for allowances other than for services voluntarily rendered or things voluntarily furnished, within thirty days to the circuit or superior court, the party taking the appeal giving bond against cost. Sections 7856, 7858, Burns' R. S. 1894. It has often been held that this appeal may be taken by any taxpayer of the county whether a party to the proceeding or not. *Myers* v. *Gibson, supra; Gemmill* v. *Arthur,* 125 Ind. 258; *State, ex rel.* v. *Benson,* 70 Ind. 481; *Fordyce* v. *Board, etc.,* 28 Ind. 454; *Miller* v. *Embree,* 88 Ind. 133.

This right of a taxpayer to appeal was conferred for no other purpose than that some one, directly interested, might, for the protection of the public funds, interpose defenses to claims against the county, and in many instances it has proven to be a wholesome provision. This right cannot be cut off by a board submitting itself to the jurisdiction of the circuit court of another county and permitting that court to adjudicate the claim. Thus, it is said in *Myers* v. *Gibson, supra,* "As boards of commissioners, under our statute, have exclusive original jurisdiction of all claims

against the county, no court can acquire jurisdiction of a claim against the county, except where the claim, or a part thereof, is allowed, and a taxpayer appeals, or where the claim is disallowed in whole or in part, and the claimant appeals, or brings an action against the county therefor."

In *Myers* v. *Gibson, supra,* a board of commissioners, having disallowed a claim, agreed with the claimant to submit the matter to arbitrators, which was done, and the report of the arbitrators confirmed and the auditor directed to issue a warrant in full payment and settlement of the claim. In holding that the board had exceeded its power, the court, by Monks, J., said: "To adjudge that boards of county commissioners have such power, would render ineffectual many laws enacted for the protection of the public funds. Besides, the provisions of the statutes concerning the allowance of claims against the county, and the right of appeal therefrom, are inconsistent with, and absolutely negative the right of the board of commissioners to exercise any such power."

The proceedings disclosed by this record were an attempt to avoid the filing of these claims with the board of Carroll county, and thus preclude it from passing upon them, and, by indirection, oust the board's jurisdiction. As such, they were in direct violation of a statute, plain and mandatory in its terms. Appellees had a full and complete remedy for the collection of these claims. When the claims had been presented to the board of Carroll county, and allowed in part, and appellees refused to accept the amounts allowed, they had their choice of two remedies, and two only, one was to appeal to the Carroll Circuit Court, and the other was to bring an original action in that court. There was no authority of law to adjudicate the claim in the Cass Circuit Court, and for

the purpose of such adjudication that court had jurisdiction, neither of the appellants nor of the subject-matter.  A circuit court has the power to make orders employing counsel in criminal cases, and it has the power to audit, and allow such counsel something for their services; but it has no power to adjudicate such claim against another county and thus compel such counsel to accept an amount which might be ridiculously small, nor to compel such county to pay an amount which might be extravagantly large.

It is argued that the finding of the court is not supported by the evidence.  But we do not think it necessary to enter upon a discussion of the question thus raised.  The appointment of counsel in such cases is a matter in the discretion of the trial court.  While, in making such appointments, the rights of the accused should be kept in view, they should not be permitted to overshadow the rights of the taxpayer.  It is not necessary, on this appeal, for us to decide whether the appointments were made upon a proper showing, nor as to the amounts allowed.  Upon these questions we decide nothing.  We simply decide that the action of the Cass Circuit Court in bringing appellants before it and attempting by an adjudication of the claim to bind Carroll county for the payment of the sums allowed was without authority of law.

Judgment reversed at appellees' cost, with instructions for further proceedings not inconsistent with this opinion.

WILEY, J., took no part in this decision.