THE BOARD OF COMMISSIONERS OF HAMILTON COUNTY
v. THE BOARD OF COMMISSIONERS OF
TIPTON COUNTY.

[No. 2,898.    Filed November 22, 1899.]

COUNTIES.—*Change of Venue.*—*Costs.*—*Attorney's Fees for Defending
Poor Person.*—The board of county commissioners has exclusive
jurisdiction of claims against the county, and an allowance made
attorneys for defending a poor person, under §§1847, 1848 Burns
1894, by the court of the county to which a change of venue had
been taken is not conclusive against the county from which the
cause was removed, but is only *prima facie* evidence of the correct-
ness of the amount allowed.

From the Clinton Circuit Court.    *Reversed.*

*T. J. Kane, R. K. Kane* and *T. E. Kane,* for appellant.
*G. H. Gifford* and *J. R. Coleman,* for appellee.

COMSTOCK, C. J.—At the September term, 1895, of the
Hamilton Circuit Court, the grand jury for said county
returned an indictment against one Charles Stevenson for
murder in the first degree. The venue of the cause was
changed to the Tipton Circuit Court, in which court Steven-
son, as a poor person, asked to have counsel assigned to
make his defense. The court thereupon appointed three
practicing attorneys, Messrs. Fertig, Neal and Waugh to
appear in his behalf. The attorneys named accepted the
employment and conducted the defense. After the trial of
the cause, to wit, at the April term of the Tipton Circuit
Court, they filed a claim before the judge of said court for
their services so rendered, in the sum of $756.60, which
claim was allowed in the sum of $656.60, and the clerk of
the Tipton Circuit Court certified the sum so allowed to the
auditor of Tipton county, whereupon he drew his warrant
upon the treasurer of his county for said amount in their
favor; the same was paid to them by the treasurer of said
county. On the 28th of May, 1896, the judge of the Tip-

Board, etc., *v*. Board, etc.

ton Circuit Court allowed the claim in favor of appellee against appellant, which claim when so allowed was filed by appellee with the auditor of Hamilton county to be by him presented to the board of county commissioners of his county for allowance and payment. On the 17th of December, 1896, said appellant board allowed said claim for the sum of $375, and no more. Appellee refused to accept such partial allowance and appealed from the action of appellant to the circuit court of Hamilton county. Upon change of venue to the Clinton Circuit Court, appellant demurred to the complaint, which demurrer was overruled, and appellant answered in two paragraphs, the first a general denial, the second alleging in substance the facts as above set forth, and, in addition, that the judge of the Tipton Circuit Court allowed said claim without the knowledge or consent of appellant; that the clerk of the Tipton Circuit Court certified said claim to the auditor of the county last named; that the auditor drew his warrant for the amount named, and the treasurer of said county paid the same; that the acts of said officers of said Tipton county were done with full knowledge of the foregoing facts and without the knowledge and consent of appellant. A demurrer to the second paragraph of answer was sustained and, appellant refusing to plead further, judgment was rendered in favor of appellee. The errors assigned are the action of the court in overruling the demurrer to the complaint, and in sustaining appellee's demurrer to the second paragraph of answer.

Counsel do not question the authority of the courts to appoint counsel to defend a person charged with crime who is unable on account of poverty to engage such counsel, and that the county in which the cause originated is liable to the attorney for the reasonable value of his services rendered under such appointment. The reversal of the judgment is asked upon the ground that the charge of the attorneys who were appointed in the case at bar was a debt due them from Hamilton county for which the county of Tipton

was in no sense liable, and that when the treasurer of Tipton county paid the claim without the same being filed with the auditor of Hamilton county, and without its previous presentation to the board of commissioners of Hamilton county for allowance, and without the knowledge or consent of the last named county, Tipton county became a mere volunteer and can not compel Hamilton county to reimburse her.

The sole question involved in this appeal is whether or not the county from which the venue of a criminal cause has been changed is liable to reimburse the county to which the change has been taken for expenses incurred in the trial of the cause. §§1847, 1848 Burns 1894, §§1778, 1779 Horner 1897, provide for costs in criminal cases incident to a change of venue. The first named section reads: "In all changes of venue from the county, the county from which the change was taken shall be liable for the expenses and charges of receiving, delivering, and keeping the prisoner, and the per diem allowances and expenses of the jury trying the cause and of the whole panel of the jury trying the cause, and of the whole panel of jurors in attendance during the trial." The second section reads: "All costs and charges specified in the last preceding section accruing justly and equitably within its provisions shall be awarded and allowed by the court trying such cause; but where specific fees are allowed by law for any duty or service no more or other costs shall be allowed therefor than could be legally taxed in the court from which such change was taken." Under the statute and the decisions of the Supreme Court and this Court, it was proper for the Tipton Circuit Court to determine the value of the services rendered, and make an allowance for the same. *Board, etc.,* v. *Pollard,* 17 Ind. App. 470. But the amount so fixed was not conclusive against Hamilton county; nor was such allowance the basis of the claim of the attorneys against Hamilton county. *Trant* v. *Board, etc.,* 140 Ind. 414; *State, ex rel.,* v. *Jamison,* 142

Ind. 679; *Board, etc.,* v. *Pollard, supra.* In *Board, etc.,* v. *Summerfield,* 36 Ind. 543, the court said: "When a person under the law was entitled to some allowance, the sum settled and allowed by the court will be *prima facie* evidence as to the correctness of the amount allowed." The claim for the services in question was due from Hamilton county. It was a claim of which the board of commissioners was given exclusive jurisdiction; it could only be collected by filing the same with the board of commissioners as required by statute unless some other method is provided taking it out of the general statute. There is no statute providing any other method. The claim not being against Tipton county, nor one which it could be compelled to pay in the absence of a statute authorizing its payment, we are unable to see how it can now ask to be reimbursed. That a practice of long standing was followed by the Tipton Circuit Court can not justify an unauthorized act.

The judgment is reversed, with instruction to sustain the demurrer to the complaint.