THE COUNTY COMMISSIONERS OF HOWARD COUNTY *vs.* THE COUNTY COMMISSIONERS OF FREDERICK COUNTY.

THE COUNTY COMMISSIONERS OF FREDERICK COUNTY *vs.* THE COUNTY COMMISSIONERS OF HOWARD COUNTY.

*Construction of Art. 27, sec. 1, of the Code of Public General Laws, providing for the payment of the Costs and Expenses of Trials in Removed cases.*

Under Article 27, section 1, of the Code of Public General Laws, all costs and expenses incurred during the time occupied in the trial of a removed case, either civil or criminal, or occasioned by or resulting from such trial, which the county is by law required to pay, shall be paid by the county where the cause originated, and such expenses include, the *per diem* of the jurors in attendance upon the Court during the trial, whether specially impanelled to try the case or not, and also the *per diem* for the same period of the sheriff, bailiffs, or other subordinate officials essential to the organization of the Court, and necessary to the transaction of its business.

CROSS–APPEALS from the Circuit Court for Frederick County.

This action was brought by the County Commissioners of Howard county against the County Commissioners of Fred-

erick county, to recover the amount of certain costs and expenses incident to the trial in the Circuit Court for Howard county, of an action of replevin removed to said Court from the Circuit Court for Frederick county.

The case was submitted to the Court below upon an agreed statement of facts, providing that either party might have a right of appeal, and that the Court might make inferences of fact in their discretion from the facts therein stated. The agreement also provided that the Court of Appeals might, in case of appeal, render such judgment upon this statement, and make such inferences as they might deem in accordance with law.

The Court below rendered judgment in favor of the plaintiffs for the amount of the *per diem* of the twelve jurors on the special panel, and refused to allow the other items sued for. Both parties appealed.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER and ALVEY, J.

*J. S. Tyson* and *I. Thomas Jones*, for the County Commissioners of Howard county.

*James McSherry, Jr.* and *William J. Ross*, for the County Commissioners of Frederick county.

MILLER, J., delivered the opinion of the Court.

The correctness of the judgment from which these cross-appeals were taken, depends upon the proper construction of the first section of the 27th Article of the Code of Public General Laws, which provides that:

" The costs and expenses incident to the trial of actions, issues and presentments, removed from one county to another, which are properly chargeable to the county, shall be borne and paid by the county from which the same are removed."

The record shows the suit was instituted by the County Commissioners of Howard county to recover from the County Commissioners of Frederick county, the amount of costs and expenses incident to the trial of an action of replevin in the Circuit Court for Howard county, which had been removed to that Court from the Circuit Court for Frederick county, in which the cause originated. The trial from its commencement up to the time when the arguments of counsel were closed and the case submitted to the jury, occupied the whole time of the sittings of the Court for nine-and-a-half consecutive Court days. The amount claimed by the plaintiffs, and certified and returned to the defendants, under section 2, of Article 27, is the *per diem* of the whole panel of petit jurors for these nine and one-half days, including the special panel of twelve who tried the case, and the *per diem* of the sheriff and the bailiffs of the Court for the same period. These sums were paid by the plaintiffs to the several persons entitled thereto prior to the institution of the suit. The case was submitted upon an agreed statement of facts, and judgment was given by the Court below, in favor of the plaintiffs for the amount only of the *per diem* for the specified period of the twelve jurors who tried the case. Both parties have appealed from this judgment.

We are clearly of opinion the plaintiffs are entitled to recover the full amount claimed. The plain meaning of the language of the section under consideration, is that *all costs* and *expenses* incurred during the time occupied in the trial of a removed case, either civil or criminal, or occasioned by or resulting from such trial, which the county is by law required to pay, shall be paid by the county where the cause originated. Such expenses undoubtedly include, in the case before us, the *per diem* of the jurors in attendance upon the Court during the trial, whether specially impanelled to try the case or not, and also the *per diem* for the same period of the sheriff, bailiffs, or other subordinate officials essential to the organization of the Court, and necessary to the transaction of its business.

The county authorities of the several counties are required to provide, by the levy of the necessary tax, for the support of the Courts, and the compensation of jurors and county or State witnesses, and the law expressly commands that a removed case shall be tried in the same manner as if it originated in the county to which it is removed. The panel of petit jurors cannot be discharged whilst there remains any business of the term requiring their attendance, or until the close or adjournment of the term, and each juror, whether sworn upon a special panel or not, is entitled to his *per diem*, to be paid by the county, for each day's attendance during the session of the Court. The same is true of the bailiffs and their pay, and in this particular county of Howard, of the sheriff also. *Act of 1862, ch. 264.* Their attendance is just as essential and necessary to the Court, whilst engaged in the trial of a removed case, as in any other business of the term, and their *per diem* allowed by law, and payable by the county, is just as much an item of expense, incident to such trial, as that of the jurors.

This construction not only gratifies the language of the section, but by no other interpretation could the manifest design and object of the law be attained. That design is that the people of each county shall bear the burden of all the usual expenses for the support of Courts, whilst occupied in the trial of civil causes between or against its own citizens, and the prosecution of offences committed within its limits, whether tried in its own Court or removed to that of another county for trial. It would be manifestly unjust to burthen the people of a county to which the case is removed, with taxation to defray such expenses; and whilst the privilege of removal for the purpose of a fair and impartial trial has been secured by the Constitution and laws, the Legislature has been careful to provide against this injustice, by enacting that the costs and expenses incident to such trials, which are properly chargeable to the county, shall be borne and paid by the county from which the causes are removed.

The judgment must be reversed, and judgment given by this Court in favor of the plaintiffs for $745.45, the full amount of their claim, with costs both in this Court and the Court below. We do not think the plaintiffs are entitled to recover interest upon the claim, but the judgment of this Court will bear interest from its date.

> *Judgment reversed, and judgment for*
> *plaintiffs for $745.45 with interest*
> *from date, and costs in both Courts.*

(Decided 13th April, 1869.)