# The People on the relation of Jonathan L. Videto v. The Board of Supervisors of Jackson County.

*Prohibitory liquor law: Attorney fee: Discretionary allowance against county: Supervisors.* The attorney fee provided for by the prohibitory liquor law (*Comp. L. 1871,* § *2141*), to be paid by the county where the prosecution is had in any township except that in which the prosecuting attorney resides, not being fixed in amount by the statute otherwise than by prescribing a maximum, is left as a discretionary allowance against the county; and the supervisors, and not the person originating the prosecution, nor the justice, have exclusive authority under the constitution (*Art. X.,* § *10*) to fix the amount of said fee.

*Statute construed; Attorney fee: Taxation of costs.* The allowance of this fee is not intended by the statute to be left as a mere matter of taxation on the part of the justice. The taxation of costs implies an estimate and allowance of items the amounts of which are fixed and certain, or capable of being rendered so by calculation or evidence; and it is ministerial action rather than judicial.

*Prohibitory liquor law: Attorney fee: Amount: Supervisors.* This statute is held to contemplate that the amount of the attorney fee was to be in some manner fixed by the supervisors in advance, as by resolution establishing a rule and fixing amounts.

*Prohibitory liquor law: Attorney fee: Taxation.* A query is suggested whether the result should be different where a fee thus taxed without the previous action of the supervisors has actually been collected and paid into the county treasury; also whether it may not have been intended by the statute that provision for fees should be required of the supervisors only when the attorney is employed by some public officer, or when the prosecuting attorney himself takes charge of the case.

*Mandamus: Prohibitory liquor law: Attorney fee: Supervisors.* Mandamus is denied in this case on an application to require the supervisors to audit and allow an attorney fee of ten dollars taxed by the justice but not collected, where the prosecution was instituted by a private citizen and the attorney was not the prosecuting attorney, and where the supervisors had prescribed no rule in advance, but in acting upon the claim afterwards had allowed the relator two dollars, and refused to allow any more.

*Heard October 27.     Decided January 12.*

Application for *Mandamus.*

*Austin Blair*, for relator.

*James Gould* and *W. K. Gibson*, for respondents.

COOLEY, J.

. The relator asks that the respondents be required to audit and allow to him an attorney's fee of ten dollars for attending a prosecution before a justice of the peace under the prohibitory liquor law. The prosecution was instituted by a private citizen, and the relator, who is an attorney at law, was called in to assist, the prosecuting attorney not being a resident of the township in which the suit was instituted. A conviction was had in the case, and the justice taxed with the costs an attorney fee of ten dollars, but it does not appear that either fine or costs have been paid. Previous to this time no action had been taken by the respondents in reference to these cases, but afterwards, when the relator presented his bill, the board allowed him two dollars, and refused to allow more. The relator insists upon the full amount as matter of right.

The question arises under *Sec. 8* of the prohibitory liquor law as amended in 1871,—*Comp. L.*, *2141*,—which, after authorizing any person who is a resident of the county to make complaint and institute a prosecution, and making it the duty of the supervisors and certain other officials to do so, proceeds to say, that "the said supervisor or any person making such complaint is hereby authorized to employ an attorney to assist him in the prosecution of such suit, except in the township where the prosecuting attorney for the county resides; and there shall be paid to the attorney so employed, or to the prosecuting attorney when called upon to prosecute any such suit out of the township where he resides, in addition to his salary, out of any funds in the county treasury not otherwise appropriated, a sum not exceeding ten dollars in any one suit wherein the prosecution obtains a judgment, and such attorney's fee shall be

taxed as a part of the costs against the defendant, and paid with the fine into the county treasury."

The relator claims that this statute makes the allowance of the attorney's fee merely a matter of taxation on the part of the justice, whose action in the case is conclusive. But it will be observed that the statute in no way fixes the amount of this fee except as it establishes a maximum: the fee may be any sum less than ten dollars, and unless the amount may be agreed upon between the attorney and the party employing him, must rest in the discretion either of the justice or of the board of supervisors. It has not been suggested in this case that a private person employing an attorney in a public case instituted by himself, can have any authority to bind the county by contract for the payment of fees; and the very grave doubt of the power of the legislature to confer such authority upon a mere unofficial volunteer, would be reason sufficient for holding that they have not attempted by any uncertain or ambiguous language to do so. And this is certainly a very unusual and extraordinary provision, if the amount of the fee was to be in the discretion of the justice with only the restriction which the act imposes. The taxation of costs implies an estimate and allowance of items the amounts of which are fixed and certain, or capable of being rendered so by calculation or evidence. Such taxation is ministerial action rather than judicial, and in courts of record is usually entrusted to a ministerial officer; and the purpose to make it a judicial act, and to leave the amount to be fixed by way of allowance, in the discretion of the court, is so extremely unusual, that it ought to be very clearly indicated if it really exists; especially as the general policy of the constitution, as indicated by *Article X.*, § *10*, is to leave with the boards of supervisors the determination of all claims against their respective counties, at least where the amounts are not fixed by law, and are discretionary.

But the act in question, as it seems to us, clearly shows the understanding of the legislature, that the fee to be

allowed should be fixed by the board of supervisors. By the statute there is to be paid to the attorney employed, out of any funds in the county treasury not otherwise appropriated, a sum not exceeding ten dollars. If the provision stopped here, an allowance by the board of supervisors would clearly be intended, for the reason already given, that discretionary allowances against the county are made by them under the constitution; but the further provision, that such attorney's fee shall be taxed as a part of the costs against the defendant, does not weaken this inference, for what the justice is to tax is an amount already in some manner fixed, and in the absence of a specific declaration that it shall rest with him to fix it, the natural inference would be that the ordinary course in fixing fees was to be followed; that is to say, that a rule was to be laid down for the guidance of the justice by the proper legislative authority, and not that he was to be allowed discretionary power. A resolution by the board of supervisors that a sum specified, not exceeding ten dollars, should be allowed as an attorney's fee in each of such cases, would be such a rule, and we are inclined to think this was what the legislature intended.

The prayer of the petition will be denied, but without costs. We have no occasion to consider whether the result should be different where a fee thus taxed without the previous action of the supervisors has actually been collected and paid into the county treasury, nor whether it may not have been intended by the statute that provision for fees should be required of the supervisors only when the attorney is employed by some public officer, or when the prosecuting attorney himself takes charge of the cases.

The other Justices concurred.