JONES COUNTY v. LINN COUNTY

1. **Counties:** CHANGE OF VENUE OF CRIMINAL CAUSE: LIABILITY FOR JURY FEES. When a criminal cause is tried in a county other than the one in which the offense was committed, the latter county is liable to the county where the trial is had for *all* of the fees paid to the jurors engaged in the trial, under Code, § § 3841, 4381, 4386. Section 3812 of the Code has no relevancy to the question.

2. ———: LIABIBITY FOR WITNESS FEES IN CRIMINAL CASES: WITNESSES NOT SUBPŒNAED. If witnesses attend a criminal trial without a subpœna, and their evidence is material for the defense, they are entitled to fees, and the county is bound to pay them. Section 3818 of the Code distinguished.

3. ———: ———: ORDER OF COURT FOR PAYMENT. It is not necessary that the order of the court or judge for the payment of such fees, required by § 3818 of the Code, be made upon the application of the accused, nor that it be made during the progress of the trial or at its conclusion. It may be made " at the time of trial, *or other disposition of the case;*" and in the absence of a contrary showing it will be presumed to have been made at some stage of the disposition of the case.

*Appeal from Linn Circuit Court.*

THURSDAY, DECEMBER 17.

ACTION to recover the costs and expenses accruing upon the trial of an indictment found in Linn county, the venue of the case having been changed to Jones county. There was a trial to the court without a jury, and a judgment for plaintiff. Defendant appeals.

*Davis & Brooks*, for appellant.

*J. S. Stacy*, for appellee.

BECK, CH. J.—I. There are but two questions raised in this case. The *first* involves the liability of the defendant for the sum of $300, paid by plaintiff as jurors' fees for the trial of the cause; the *second*, the amount of fees paid by plaintiff for witnesses of the accused for which defendant is liable.

II.   The defendant's counsel insist that, under Code, §
3812, which provides for taxing, as a part of the costs, a jury
fee of six dollars, the plaintiff may recover no
greater sum than forty-two dollars, being six dol-
lars for each day the jury served in the case.   In
our opinion this section is not applicable to the
case.   It is intended to charge litigants with a part of the
expenses of jury trials, and not to limit the amount to be
paid by the counties liable for the fees of jurors engaged in
the trial of state cases.   It does not provide that the counties
shall pay no greater sum than six dollars, or, as counsel for·
defendant seem to think, six dollars per day, for jurors' fees,
but that the losing party in each case shall pay six dollars,
which shall be taxed as costs, and, when collected, shall be
paid into the county treasury.   The statutes applicable to
the case are the following provisions of the Code:   " Sec.
3841.   Where costs are paid by a county other than the one
where the offense was committed, the amount of such costs
shall be deemed a charge in favor of such county, and against
the one in which the offense was committed, and may be
recovered by action in any court having jurisdiction."   " Sec.
4381.   In all changes of venue under the provisions of this
chapter, the county from which the change of venue was
taken shall pay the expenses and charges of removing, deliv-
ering and keeping the defendant, and all other expenses neces-
sary and consequent upon such change of venue and the trial
of such defendant, which shall be audited and allowed by
the court trying such case."   " Sec. 4386.   The county in
which the offense was committed, and from which the prose-
cution was transferred, shall pay all the costs attending the
prosecution."   These sections plainly provide that the county
wherein the indictment is found shall pay the county wherein
the trial is had all costs and expenses incurred on the trial of
the case, and not the costs only which may be taxed against
the accused.   This branch of the case demands no further
attention.

*1. COUNTIES : change of venue of criminal cause: liability for jury fees.*

III. The petition seeks to recover for fees of witnesses in behalf of the defendant which were paid by plaintiff. The following provision of the Code is applicable to this branch of the case. "Sec. 3818. In no criminal case shall witnesses for the defense be subpœnaed at the expense of the county, except upon order of the court or judge before whom the case is pending,—then only upon a satisfactory showing that the witnesses are material and necessary for the defense,—and the board of supervisors shall in no case admit or allow any claim for witness fees for the defendant in criminal cases, except upon order or judgment of the court or judge thereof, and such order may be made at the time of trial or other disposition of the case, and upon such showing as the court may require." Counsel for defendant insist that plaintiff cannot recover for costs paid to the witnesses of the accused, for the reasons—*First,* that they were not subpœnaed upon the order of the court; and, *second,* that no such order of the court was made as is required by this section. The provision in regard to subpœnas does not affect the right of a witness, not subpœnaed, to fees, or the obligation of the county to pay them. It is simply intended to prevent the summoning of witnesses whose testimony is not necessary in the trial of the case. If witnesses attend without a subpœna, and their evidence is material for the defense, they are entitled to fees, and the county is bound to pay them.

*2. ——: liability for witness fees in criminal cases: witnesses not subpœnaed.*

IV. There were two successive trials of the case. Soon after the last, the district judge ordered the payment of the witnesses fees in question. Counsel for defendant insist that such an order should be made upon a showing or application of the accused. But the law does not so provide. It is therefore not necessary.

*3. ——: ——: order of court for payment.*

V. Counsel also maintain that the order should be made during the progress of the trial or at its conclusion. It may be made at such time. But the statute last quoted provides that it is sufficient if made " at

*THE SAME.*

the time of the trial, or other disposition of the case." It could be made when judgment is finally entered, or when orders are made or action is had which finally disposes of the case. It is not shown that it was not made upon the "disposition of the case" in that manner. In support of the order, we must presume that it was. No other questions arise in the case. The judgment of the circuit court is

AFFIRMED.