The State, *ex rel.* The Board of Comm'rs of Allen Co., *v.* Miller, Auditor.

No. 12,890.

|107  39|
|140 421|

## THE STATE, EX REL. THE BOARD OF COMMISSIONERS OF ALLEN COUNTY, *v.* MILLER, AUDITOR.

CHANGE OF VENUE.—*Repeal of Statute.*—So much of the act of March 10th, 1873 (section 414, R. S. 1881), relating to changes of venue, as applied to criminal cases, was impliedly repealed by sections 1778 and 1779, R. S. 1881.

SAME.—*Allowance to Counsel for Defence and Prosecution.*—*Liability of County in which Cause Originated.*—The court to which a criminal cause is taken on change of venue may, in its discretion, appoint counsel both to defend and to assist in the prosecution of such cause, and make allowances therefor out of the county treasury, which, under sections 1778 and 1779, may be collected from the county in which the cause originated.

SAME.— *Conclusiveness of Allowances.*— The allowances made under such sections, as to their conclusiveness, stand upon the same footing as those made under the sections of R. S. 1843, construed in *Board, etc.,* v. *Summerfield,* 36 Ind. 543.

From the Adams Circuit Court.

*W. H. Coombs, R. C. Bell* and *S. L. Morris,* for appellant.
*J. T. France, J. T. Merryman, R. S. Peterson* and *E. A. Huffman,* for appellee.

NIBLACK, J.—This was an application by the board of commissioners of the county of Allen, in the name of the State, for a writ of mandate against Lewis C. Miller, as auditor of Adams county, requiring him to issue his warrant upon the treasurer of the latter county for the alleged amount of expenses incurred and paid by Allen county in two trials of Frederick Richards, upon an indictment for murder, on a change of venue from said county of Adams.

The complaint was duly verified by affidavit, and stated, in general terms, that at the May term, 1884, of the Adams Circuit Court, Richards was indicted upon a charge of murder in the first degree; that, on June 4th, 1884, the venue of the cause was changed to the criminal court of Allen county, and the defendant transferred to the jail of that county for safe-keeping; that, on July 24th, 1884, Richards,

on application to said last named court, was by the court permitted to defend as a poor person, and two attorneys were appointed to make such defence, and that on motion of the prosecuting attorney the court appointed two attorneys to assist in the prosecution, said attorneys to be allowed and paid such sums for such services as the court might specify; that at the April term, 1884, of said court, the case was tried and resulted in a verdict of guilty, with punishment of death affixed, which verdict was afterwards set aside by the court, and a new trial granted; that, on October 31st, 1884, by order of the court and pursuant to the provisions of the act of the General Assembly, approved February 27th, 1883, abolishing said criminal court, said cause was transferred to the Allen Circuit Court, which thereafter appointed attorneys to assist to prosecute and defend the case on a second trial; that the case was tried at the February term, 1885, of the Allen Circuit Court, resulting in conviction, and a sentence of imprisonment for life; that said last named court duly audited and allowed the expenses which had been incurred by said Allen county in consequence of said change of venue and said trials, and a certified copy of the order of the court was exhibited and made part of the application, giving an itemized statement and total amount; that the same had been paid by Allen county; that such allowance had been duly certified and presented to the defendant as auditor, who refused to issue his warrant for such allowance, and an alternative writ of mandate was asked requiring him to do so, or show cause why he should not so issue his warrant.

The alternative writ was ordered to issue, whereupon the defendant appeared and demurred to the complaint.

The circuit court sustained the demurrer thus filed to the complaint, and the relator of the plaintiff declining to plead further, final judgment was rendered for the defendant. Consequently the only question presented by this appeal is, was the demurrer to the complaint rightly sustained?

We have no brief from the appellee, and hence no argu-

ment against the sufficiency of the complaint. Nor is there anything in the record informing us as to the precise ground upon which the demurrer to the complaint was sustained ; whether upon the ground that Adams county is not liable to pay any part of the amount demanded, or whether the objection was only to some of the items, or parts of the account accompanying the complaint. The fair inference, however, from the argument submitted on behalf of the appellant is, that the objection was to the allowances made to the attorneys appointed to assist in the prosecution of Richards, as well as to those assigned to the duty of conducting his defence, upon the assumption that there was at the time no law in force which authorized the Allen Circuit Court to make such allowances. The act of March 10th, 1873, Acts 1873, p. 221, made a comprehensive provision for the allowance and payment of all costs and expenses incurred by reason of changes of venue, whether in civil or criminal cases, and it was under that act that the case of *Gill* v. *State, ex rel.,* 72 Ind. 266, cited and much relied on by counsel, was decided. The body of that act is now known as section 414, R. S. 1881, and has been so designated and republished as applicable to changes of venue in civil cases. But whether the act is still in force for any purpose is a question not now fully before us. On that subject, see repealing section 1291, R. S. 1881. It is sufficient for the present emergency to hold that so much of the act as applied to criminal causes was superseded, and hence impliedly repealed, by sections 1778 and 1779 of the present criminal code. These latter sections are as follows:

"Section 1778. In all changes of venue from the county, the county from which the change was taken shall be liable for the expenses and charges of removing, delivering, and keeping the prisoner, and the *per diem* allowance and expenses of the jury trying the cause, and of the whole panel of jurors in attendance during the trial.

"Sec. 1779. All costs and charges specified in the last preceding section, or coming justly and equitably within its pro-

visions, shall be audited and allowed by the court trying such cause; but where specific fees are allowed by law for any duty or service, no more or other costs shall be allowed therefor than could be legally taxed in the court from which such change was taken."

It is now a well settled legal proposition that a circuit or a criminal court, as the case may be, may assign counsel to defend poor persons charged with crime, and may make allowances for services performed under such an assignment of counsel. *Webb* v. *Baird*, 6 Ind. 13; *Board, etc.,* v. *Wood,* 35 Ind. 70; *Gordon* v. *Board, etc.,* 52 Ind. 322. It is, also, settled that a circuit or criminal court may, in its discretion, appoint an attorney to assist in the prosecution of a criminal offence, and make him an allowance therefor out of the county treasury. *Tull* v. *State, ex rel.,* 99 Ind. 238. It follows, as a necessary consequence, that the same powers are devolved upon a court to which a criminal cause is taken by a change of venue. This was decided by the case of *Gordon* v. *Board, etc., supra,* and was reaffirmed by the recent well considered case of *Board, etc.,* v. *Courtney,* 105 Ind. 311. The reasonable inference, therefore, is, that allowances regularly made to attorneys, either for prosecuting or defending in a criminal cause by a circuit or criminal court, on a change of venue, come "justly and equitably within" the provisions of section 1778, above set out.

As to the conclusiveness of allowances made under the provisions of sections 1778 and 1779, in question, we think they ought to stand substantially upon the same footing as those made under the two sections of the Revised Statutes of 1843, set forth and construed in the case of *Board, etc.,* v. *Summerfield,* 36 Ind. 543. Upon that point the case of *Gill* v. *State, ex rel., supra,* to which allusion has been made, is not now a precedent of binding authority, since it was decided under a law different from the statutory provisions both of 1843 and 1881, and no longer in force in criminal cases.

Our conclusion is, that the complaint stated facts sufficient to require the appellee to show cause, if any he can, why he should not issue his warrant upon the treasurer of his county for the amount claimed to be due to the relator of the appellant, and that on that account the circuit court erred in sustaining the demurrer to the complaint. *State, ex rel.,* v. *Morris,* 103 Ind. 161.

The judgment is reversed with costs, and the cause is remanded for further proceedings.

ZOLLARS, J., expressed no opinion in the cause.

Filed June 15, 1886.