Filed Nov. 19, 1889.

No. 14,838.

THE STATE, EX REL. BOARD OF COMMISSIONERS OF DE-
CATUR COUNTY, *v.* MOORE, AUDITOR.

CHANGE OF VENUE.—*Civil Cause.—Costs.—Liability of County in Which Cause Originated.*—The county from which the venue of a civil cause has been changed is liable to reimburse the county to which the change has been taken for the expense incurred in the trial of the cause. Act of March 10th, 1873. (Acts of 1873, p. 221.)

SAME.—*Act of March 10th, 1873.—Not Repealed by Section 1291, R. S. 1881.*—The act of March 10th, 1873, does not pertain to the subject of pleading and practice so as to be within the language of section 1291, R. S. 1881, repealing all previous enactments relating to the subject of pleading and practice.

SAME.—*Sections 1778 and 1779, R. S. 1881.—Act of March 10th, 1873.—How Affected by.*—The subject-matter of the act of March 10th, 1873, so far as it relates to civil causes, is not covered by sections 1778 and 1779, R.

S. 1881, in the code of criminal procedure, and the act is, in that respect, unaffected by the above sections.

From the Dearborn Circuit Court.

*J. D. Miller* and *F. E. Gavin*, for appellant.

*H. D. McMullen* and *W. R. Johnston*, for appellee.

MITCHELL, J.—The board of commissioners of Decatur county applied to the Dearborn Circuit Court for a writ of mandate against Edward D. Moore, auditor of Dearborn county, praying that he be commanded to issue his warrant upon the treasurer of the latter county for the alleged amount of the expenses incurred and paid by the county first named in the trial of certain civil causes, the venue of which had been changed from Dearborn to Decatur county.

The sole question involved in this appeal is whether or not the county from which the venue of a civil cause has been changed is liable to reimburse the county to which the change has been taken for the expenses incurred in the trial of the cause. By an act approved March 10th, 1873, it was provided, in effect, that in all cases, civil or criminal, in which a change of venue should be taken from one county to another, the county from which the venue had been changed should be liable for all the expenses of the trial. As applied to criminal trials this act was superseded by sections 1778 and 1779, R. S. 1881, and so much of it as was supposed to have been continued in force was designated as section 414, R. S. 1881, by those charged with the compilation of the statutes. *State, ex rel.*, v. *Miller*, 107 Ind. 39. In support of the ruling below it is argued that the act of 1873, so far as it relates to civil proceedings, was repealed by section 1291, R. S. 1881, which, so far as applicable here, reads as follows: " All enactments of the General Assembly on the subject of the competency of witnesses to testify, and all such enactments on the subject of pleading and practice, so far as they relate to circuit and superior courts, except as to pleadings in cases from inferior courts, are hereby repealed."

The effect of this section was to repeal all previous enactments relating to the competency of witnesses, and all such as pertained to the subject of pleading and practice. The act of March 10th, 1873, does not pertain to either of these subjects, and was, therefore, not affected by section 1291, which repealed all previous enactments on the subject of pleading and practice.

The phrase " pleading and practice " must be deemed to have been employed according to its appropriate meaning and technical import. It must, therefore, be applied to those enactments which relate to the pleadings, or written statements made by the parties alternatively until an issue is joined, and to those which regulate the formal steps in the conduct of an action, or judicial proceeding, from its inception until the judgment becomes effectual, and is satisfied.

It is true, the act of 1873, so far as it remains in force, has been, for the sake of convenience, very properly incorporated into the code of civil procedure. But the code embraces other subjects besides those which relate strictly to pleading and practice, or modes of procedure during the progress of an action.

The subject-matter of the section in question has, of course, no relevancy to those alternative written statements of the parties which are denominated pleadings, nor does it relate to those formal steps, beginning with the inception of a judicial proceeding, and ending with the satisfaction of a judgment, which comprise what is properly called practice. It has no relation to the form or manner of conducting and carrying on or defending suits through their various stages, but defines the liability of one county to another, under certain contingencies. It creates a liability, or gives a right of action rather, and does not prescribe a form of pleading or mode of practice.

The act of 1873 can not, therefore, be regarded as pertaining to the subject of pleading and practice so as to be within the language of section 1291, and it is an established

rule that courts do not favor repeals by implication. *Robinson* v. *Rippey*, 111 Ind. 112.

The subject-matter of the act of 1873, so far as it relates to civil causes, is not covered by sections 1778 and 1779, in the code of criminal procedure, and the act is, in that respect, unaffected by the above sections.

What was said incidentally in *State, ex rel.*, v. *Miller, supra*, upon the subject of the repeal of the act in question, was not intended as an expression of opinion one way or the other, upon the subject.

The probable policy of the Legislature furnishes no ground to suppose that the act was repealed by section 1291, as no reason can be suggested for requiring a county from which a change of venue had been taken in a criminal case to reimburse the one in which the trial was had, which would not apply with equal force in a civil cause. The conclusion follows, that the court erred in sustaining the demurrer to the complaint.

Judgment reversed, with costs.

Filed Nov. 19, 1889.