MONROE, AUDITOR, v. THE STATE, EX REL. WILLARD.

[No. 19,303.   Filed May 28, 1901.]

JURY.—*Compensation.—Allowance.—Authority of Court.*—The fees
of a juror are not allowed by the court.  They are merely certified
to be due; and if the court fixes the amount to be paid to a juror
in excess of the fees and mileage to which he is lawfully entitled the
act of the court is without authority, and void.   *p. 47.*

SAME.—*Compensation.—No Additional Pay for Night Service.*—Sec-
tion 1459 Burns 1894, fixing the fees of a juror in the circuit court
at $2 per day, has reference to a day of twenty-four hours or a por-
tion thereof; and a juror is not entitled to additional compensation
because the jury is not allowed to separate at night.   *p. 48.*

From Delaware Circuit Court; *Albert O. Marsh,* Judge.

Mandamus by the State on the relation of William R.
Willard against Robert W. Monroe, as county auditor, to
compel the issuance of a county warrant.  From a judg-
ment in favor of plaintiff, defendant appeals.  *Reversed.*

*C. L. Medsker,* for appellant.

*J. N. Templer, C. C. Ball* and *E. R. Templer,* for ap-
pellee.

DOWLING, J.—The relator of the appellee served as a
juror on the trial of a criminal cause in the Delaware Cir-
cuit Court from November 20, 1899, to December 2, 1899,
both inclusive, making thirteen calendar days.  He resided
at the county seat and was entitled to no mileage.  The court
allowed the juror $50 for such service.  This allowance
was entered on the records of the court, and was duly certi-
fied to the county auditor.  The relator demanded a war-
rant on the treasurer for the payment of the sum certified
to be due.  The auditor refused to comply with this demand,
·although there was money in the treasury out of which the
warrant could have been paid.  Upon these facts, as shown
by the complaint, an alternative writ of mandate was issued
commanding the appellant, as auditor of Delaware county,

to issue his warrant upon the treasurer of said county for said sum of $50, payable to the relator, or show cause why he should not do so. Demurrers to the complaint and alternative writ were filed by the appellant, and were overruled. Appellant filed his return to the alternative writ admitting the facts stated in the complaint and writ, but showing specifically that the allowance made to the juror and relator of appellee was for thirteen days' and twelve nights' service, and that the order of allowance was made without notice to the appellant or to Delaware county. The return also stated that the members of the jury were kept together from the time they were empaneled on November 20th until they were discharged on December 2nd; that their meals and lodging were furnished to them during all of said term of service by said county, and that the relator was entitled to $26, and no more, for his thirteen days' service at $2 per day; that the appellant, as such auditor, was willing to draw his warrant on the treasurer for said sum of $26, but that the allowance made by the court, and certified to the appellant, was erroneous, and unauthorized by law.

The propositions relied upon by the relator are: (1) That the allowance made by the Delaware Circuit Court was in the nature of a judgment by which the county was bound, and which was not subject to collateral attack, and (2) that the jury, having been kept together by night as well as by day, the relator was entitled to compensation for two days' service of twelve hours each for every period of twenty-four hours he was so employed as a juror. The statute declares that the fees of jurors shall be $2 per day while in actual attendance. §1394 R. S. 1881, §1459 Burns 1894. It is further provided that no money shall be drawn from the treasury of any county except by authority of law, and in conformity with the rules prescribed by the statute. §1412 R. S. 1881, §1478 Burns 1894. The auditor may draw his warrant on the treasurer for a sum, the amount whereof, and the time when, and the person to whom the same may

be due, are fixed by law, or ascertainable from a public record, with proof of personal identity. §1413 R. S. 1881, §1479 Burns 1894. He may also draw his warrant upon the treasurer for a sum allowed, or certified to be due by any court of record authorized to use a seal, and having jurisdiction beyond that of justices of the peace, or by the board of county commissioners. §1414 R. S. 1881, §1480 Burns 1894.

All allowances made by the court during any term (except allowances made to special judge and clerk) must be at the close of each term included in one general certificate by the clerk, duly attested and sealed, for payment out of the county treasury. §6519 Burns Supp. 1897, p. 600.

The fees of a juror are not *allowed* by the court; they are merely certified to be due. The statute conclusively fixes the per diem and mileage, and the court has no power either to increase or to diminish them. The court settles only the number of days and miles. The statute does the rest. If a court, after settling the number of days served by the juror, and the distance traveled by him, makes an allowance to the juror in excess of the fees and mileage to which he is lawfully entitled, it acts without authority, and its proceedings are void. In settling the account of a juror, the power of the court is strictly circumscribed and limited, and it is without authority to make any appropriation of the public funds for that purpose, except such as is expressly conferred by statute.

It is held in this State that even allowances, properly so called, made by courts for services to be paid for by the county, are not *judgments* and are only *prima facie* evidence of the validity and amount of the claims allowed. In the case before us, the county was not a party to any action or proceeding in which these fees were stated. It had no notice of the time and place when and where the statement would be asked for. The action of the court was entirely *ex parte,* and bound no one. The court possessed neither

inherent nor statutory power to settle the amount of the compensation of the juror at a sum in excess of the fees fixed by law; nor could it exercise such authority as the agent of the county. *State, ex rel.,* v. *Snodgrass,* 98 Ind. 546; *Board, etc.,* v. *Summerfield,* 36 Ind. 543; *State, ex rel.,* v. *Jamison,* 142 Ind. 679.

The bill of court expenses certified by the judge showed upon its face that the fees credited to the relator were double the amount lawfully due him. Under these circumstances, it was the duty of the auditor to refuse to draw his warrant for the excessive and unauthorized allowance.

An effort is made to sustain the action of the court upon the ground that the jury were not permitted to separate, and that the jurors should be compensated for night work by extra fees. Jury service is an important incident of citizenship, and is sometimes regarded as an onerous and unpleasant duty. It is indispensable to the public welfare, and the due administration of justice. It may be imposed and exacted by the State as peremptorily as service in the military forces of the commonwealth. The State has the right to fix the compensation for such service, and no question of adequacy can be raised. In the construction of the statute, declaring what shall be paid to a juror, the *quantum meruit* is not to be considered.

When the statute says that the fees of jurors shall be $2 per day, while in actual attendance, it contemplates a calendar day of twenty-four hours, if continuous attendance and service are required, extending from the opening of the court on one day until its opening on the next. If the juror serves but ten minutes of the day, he is nevertheless entitled to his $2. If he is kept with his fellow jurors for twenty-four hours, he gets no more. There is absolutely no authority for splitting the calendar day into parts, as was done here, and counting each part, thus arbitrarily created, as an entire juridical day. If this could be done in the case of jurors, why not as to witnesses, clerks, and special judges,

if the business of the trial court required their presence at night sessions? The statute intends nothing of the sort.

The juror was entitled to $26 only. The court had no power to double his time by making two days out of one. Its unauthorized proceeding is protected by no presumption of correctness, nor other rule of law. It was void upon its face, and it was the duty of the auditor to disregard it.

The judgment is reversed, with instructions to the court to sustain the demurrers to the complaint and alternative writ of mandate, and for further proceedings in accordance with this decision.