STATE EX REL. CASCADE COUNTY, APPELLANT, *v.* LEWIS
AND CLARK COUNTY ET AL., RESPONDENTS.

(No. 2,280.)

(Submitted June 9, 1906.    Decided July 6, 1906.)

*Mandamus—Counties—Change of Venue—Criminal Cases—
Liability for Costs.*

Counties—Attorneys—Change of Venue—Liability for Costs—*Mandamus.*
    1. Where a criminal cause is removed from one county to another
    for trial, it is the duty of the county to which it is transferred to
    furnish a prosecuting officer, and if for any reason its county attorney
    is unable to act as such officer in the trial of the cause and the court
    appoints special counsel to represent the state, the cost incident to
    his employment is not a proper charge against the county from which
    the change of venue was had, and therefore *mandamus* will not issue
    to compel its payment by that county.
Counties—Change of Venue—Costs—Certification by Judge—Effect.
    2. The mere certification of the costs resulting from the removal of a
    cause for trial from one county to another, required to be made by the
    trial judge under Political Code, section 4683, to the board of county
    commissioners of the county where the trial was had, may not be said
    to have the force and effect of a judgment against the county from
    which the cause was transferred, where no action was pending to which
    it was a party.

(MR. JUSTICE MILBURN dissenting.)

*Appeal from District Court, Lewis and Clark County; J. M.
Clements, Judge.*

ACTION by the state, on the relation of Cascade county,
against the county of Lewis and Clark and others.    Judgment
for respondents, and relator appeals.    Affirmed.

*Mr. William T. Pigott,* and *Mr. Howard S. Greene,* for Appel-
lant.

The district court of Cascade county determined and certified
that the costs of the trial of *State* v. *Keerl,* were $5,150.75.    This
finding cannot be collaterally attacked.    The finding was one
which the court had power to make, and neither the finding nor

the certificate touching the amount of costs may be assailed indirectly. (*Territory* v. *Yellowstone County*, 6 Mont. 147, 9 Pac. 918; *Mayor* v. *Territory*, 1 Okla. 188, 31 Pac. 191, 21 L. R. A. 841.)

The presumption is that both counties were represented at the time when the amount of costs chargeable to Lewis and Clark county was inquired into, and nothing to the contrary is alleged. There was no objection to the action of the court. If there be a way whereby the decision may be reviewed, it is either by appeal or by an action directly challenging the finding. For the purposes of this proceeding in *mandamus*, the finding and certificate are final. (*Territory* v. *Yellowstone County, supra; Mayor* v. *Territory, supra.*) If error there was it was judicial error within, and not in excess of, the jurisdiction of the district court of Cascade county; hence, the question whether the court erred cannot be raised indirectly. (*Burke* v. *Inter-State S. & L. Assn.*, 25 Mont. 321, 87 Am. St. Rep. 416, 64 Pac. 879.)

Counsel appointed to defend paupers must serve, unless excused for good reason appearing to the court; and he must serve without fee or monetary reward. The court orders and directs him to represent the defendant. But the court cannot compel counsel to prosecute or aid in prosecution. A lawyer appointed to prosecute may, for any reason or for no reason other than disinclination, decline to accept the appointment and in so doing keep strictly within the limits of his rights. If an attorney consents to perform that which becomes his duty because he accepts the appointment, he thereby accedes to the request of the court, and is entitled to compensation. (*Tull* v. *State*, 99 Ind. 238.)

All expenses incident to the administration of justice fall upon counties, except where there is express legislative provision for the payment of expenses by the state. This statement, it is believed, will not be disputed. (*State ex rel. Lindabury* v. *Ocean County*, 47 N. J. L. 417, 1 Atl. 701; *Tull* v.

*State, supra.* See, also, *Shawnee County* v. *Waubaunsee County,* 4 Kan. 267.)

*Mr. C. A. Spaulding,* for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Prior to July, 1904, there had been filed in the district court of Lewis and Clark county an information charging James S. Keerl with the crime of murder. On July 21, 1904, the defendant Keerl moved for a change of venue, which motion was granted and the cause transferred for trial to Cascade county. When the case was called in the district court, it appeared that the county attorney of Cascade county, H. S. Greene, was disqualified, having theretofore been retained as counsel by Keerl prior to his (Greene's) election. Upon this fact appearing, the court appointed R. W. Berry, Esq., an attorney at law residing in Great Falls, to represent and conduct the prosecution of the case. Mr. Berry fully performed the duties required of him by the appointment, and after the conclusion of the trial the district court made an order fixing the compensation of Mr. Berry and providing for its payment, as follows: "It is now ordered, that said R. W. Berry be, and he is hereby allowed $600 as compensation for his services, which is hereby adjudged to be reasonable compensation for his services in representing the state in said cause while pending in this court, and the treasurer of Cascade county is hereby directed to pay the same." This order Mr. Berry presented to the treasurer of Cascade county and received payment. Afterward the district court and clerk certified to the board of county commissioners of Cascade county the costs allowed in the case of *State* v. *Keerl,* including therein the item of $600 allowed to Mr. Berry, and the board of county commissioners audited the same and drew their warrant on the treasurer of Lewis and Clark county for the amount so certified by the district court, and also forwarded a certified copy of the total amount of costs allowed

by the court, giving each item thereof. This certified copy
was received by the commissioners of Lewis and Clark county,
who entered in their books as proper charges against Lewis
and Clark county all of the items thereof, except the item of
$600 allowed to Mr. Berry, and this item they refused to enter.

When the warrant from the commissioners of Cascade county
was presented to the treasurer of Lewis and Clark county, he
paid all thereof except the said sum of $600, and this he re-
fused to pay, although he had in his possession as such treasurer
sufficient moneys in the general fund to pay the same. There-
upon this proceeding was instituted by the state on the relation
of Cascade county to secure a writ of mandate to compel the
board of county commissioners of Lewis and Clark county to
enter this item of $600 as a proper charge against Lewis and
Clark county, and to compel the treasurer of Lewis and Clark
county to pay the same. An affidavit was filed setting forth
the facts substantially as herein narrated, and upon this affi-
davit an alternative writ of mandate was issued, and upon the
return respondents demurred to the affidavit and moved to
quash the alternative writ on the ground, generally speaking,
that neither the affidavit nor the alternative writ states facts
sufficient to entitle the relator to any relief as against these
respondents. The demurrer and the motion were sustained,
and the relator having failed to plead further, judgment was
entered in favor of respondents, from which judgment the re-
lator appealed.

Unless the item of $600 is a proper charge against Lewis and
Clark county, the writ of mandate will not issue to direct its
payment. (Code Civ. Proc., sec. 1961.) When a cause is
transferred for trial from one county to another, it is to be
taken up and tried in the county to which it is transferred in
all respects the same as if it had arisen in that county. It was
the duty of the county attorney of Cascade county to prosecute
this case (*State* v. *Whitworth,* 26 Mont. 107, 66 Pac. 748),
and the reason why he did not do so is entirely immaterial
to this inquiry. Had he done so, it could not be contended that

Lewis and Clark county should pay that portion of his salary earned during the time occupied in the trial of this case. It was simply the duty of Cascade county to furnish a county attorney to prosecute this case without expense to Lewis and Clark county; and it was immaterial to Lewis and Clark county whether Mr. Greene, the attorney general, or some other attorney performed the duty.

Assuming, but not deciding, for the question is not before us, that the word "costs" used in sections 4682 and 4683, Political Code, has a broader meaning than the same word when used elsewhere in the Codes, still the costs which Lewis and Clark county is required to pay to Cascade county are such only as Lewis and Clark county would have been called upon to pay on account of the trial of this particular case, had it been tried at home; in other words, such costs as necessarily attach to a like case with respect to which the county attorney performs the duties of his office. The board of the prisoner, the sheriff's mileage in taking him to the place of trial, the mileage of the sheriff in getting jurors and witnesses for this particular trial, the mileage and *per diem* of such jurors and witnesses, the *per diem* of the bailiffs, and possibly some other like items, would be all that could possibly be said to arise out of this particular trial under the most liberal views which can be taken of the meaning of the word "costs" used in the sections above.

Under our system of laws, where the prosecuting officer is paid a salary and not fees, where his compensation is fixed by law and does not depend upon the amount of business transacted, the compensation is paid just the same whether a particular case is tried or not. Under the fee system which prevailed here in territorial days, the contention of Cascade county might, possibly, be maintained.

Under section 4683, above, it is made the duty of the court, trying a case removed to that court for trial from another county to certify to the board of county commissioners of the county to which such case is removed the costs necessarily

incurred on account of the removal and trial of that particular case. As said before, had Cascade county furnished its county attorney, or, in case of his inability for any cause to perform the duty of his office, secured the services of the attorney general to prosecute this case, then Lewis and Clark county would not have been called upon to pay the compensation of such prosecuting officer, for such compensation would not have been costs arising out of or incident to the trial of this particular case. If for any reason Cascade county saw fit to furnish some one else to perform the duty imposed by law upon it, the reason which impelled it to do so is not of any concern to Lewis and Clark county. The order made by the district court of Cascade county, fixing the compensation of Mr. Berry and directing the county treasurer of Cascade county to pay it, indicates very strongly that it was an afterthought that this item should be charged to Lewis and Clark county. There would be no difference in principle whatever in asking Lewis and Clark county to pay the salaries of the sheriff and the clerk of the district court of Cascade county for the time consumed in the trial of this case.

Whatever may be said of the decision in *Territory* v. *Yellowstone County,* 6 Mont. 147, 9 Pac. 918, that case is clearly distinguishable from this one. The statute in force in 1886 was very different from section 4683 above.

No importance whatever can be attached to the provision directing the district court to certify the costs to the board of county commissioners. The district clerk might, with equal propriety, have been selected to perform the duty, for it did not require any judicial determination. There was not any action or proceeding pending to which Lewis and Clark county was a party, and therefore the mere certification of the costs by the district court could not, in the very nature of things, have had the force or effect of a judgment against Lewis and Clark county. In support of this view, see *Board* v. *Summerfield,* 36 Ind. 543, and *Trant* v. *State,* 140 Ind. 414, 39 N. E. 513.

The questions whether the court had authority to appoint Mr. Berry, fix his compensation, or the reasonableness of the compensation so fixed, are not in dispute, and therefore are not considered.

In our view of the case the item of $600 was not a proper charge against Lewis and Clark county, and therefore *mandamus* will not issue to compel its payment, or to compel the board of county commissioners to enter it as a charge against Lewis and Clark county. The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY concurs.

MR. JUSTICE MILBURN dissents.

Rehearing denied October 29, 1906.