DAWES COUNTY, APPELLEE, v. SIOUX COUNTY, APPELLANT.

FILED NOVEMBER 22, 1906.   No. 14,522.

Costs: CHANGE OF VENUE. The county from which a change of venue in a criminal case is taken is not liable to the county in which the trial is had for the fees of such jurors of the regular panel as did not sit upon the trial of that case.

APPEAL from the district court for Sioux county: WIL- LIAM H. WESTOVER, JUDGE. *Reversed.*

*M. J. O'Connell,* for appellant.

*J. E. Porter, contra.*

DUFFIE, C.

Charles Russell was informed against for the crime of murder in the county of Sioux. The venue was changed to

Dawes county and the trial there had. We understand from the record that Sioux county has paid the *per diem* of the jurors actually sitting on the trial of the case, and refuses to pay for jurors drawn upon the regular panel and who did not sit upon the trial, but who were detained for five days during which the trial was in progress. The case was tried to the court without a jury, and judgment entered in favor of Dawes county for the amount claimed. From this judgment the county of Sioux has taken an appeal.

At the conclusion of the trial of the case of *State v. Russell,* the clerk of the district court for Dawes county made out a certified statement of all costs and fees in the case and forwarded it to the county clerk of Sioux county, and the county board of that county audited and allowed all such costs and fees except the *per diem* of the jurors of the regular panel who were not actually engaged in the trial of the case. No appeal was taken from the action of the board, and, while notice was given to the several jurors of the disallowance of a part of the claim made for their fees, no such notice was given to the county of Dawes. The appellant now claims that the only remedy existing in favor of any party dissatisfied with the action of the board was by an appeal to the district court, and that Dawes county, although having paid the fees, cannot present a second claim for the fees disallowed, but is barred of its remedy because of its failure, or the failure of the jurors, to take an appeal from the action of the board when the claim was first before them. We do not think it necessary to discuss the question of procedure. In our view of the case, the county of Dawes was entitled to recover jury fees to the amount only that was paid to the jurors actually sitting upon the trial. That part of section 456 of the criminal code, relating to the costs incurred on a change of venue in a criminal case, is as follows: "All costs, fees, charges, and expenses accruing from a change of venue, together with all costs, fees, charges, and expenses made or incurred in the trial of, or

in keeping, guarding, and maintaining the accused, shall be paid by the county in which the indictment was found, and the clerk of the trial court shall make a statement of the costs, fees, charges, and expenses aforesaid, and certify and transmit the same to the clerk of the district court where the indictment was found, to be by him entered upon his docket and collected and paid as if a change of venue had not been had." A statute nearly similar to our own has received a construction by the supreme court of of Iowa. In the case of *Jones County v. Linn County*, 68 Ia. 63, it was held: "When a criminal cause is tried in a county other than the one in which the offense was committed, the latter county is liable to the county where the trial is had for *all* of the fees paid to the jurors engaged in the trial." If the jurors engaged in the trial of the case are to look to the county from which the change of venue was taken for their fees, which we do not determine, certainly the remainder of the regular panel should not be compelled to do so, and it is only the costs, fees, charges and expenses of the trial that are to be certified by the clerk of the court of the county where the trial is had to the clerk of the county where the indictment was found. We do not wish to be understood as saying just what charges and expenses may be collected from the county from which the change was taken, but we are satisfied that such county is not liable for the fees of the jurors of the regular panel not actually sitting on the trial.

We recommend a reversal of the judgment and remanding the cause for another trial.

JACKSON, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment is reversed and the cause remanded for further proceedings.

REVERSED.