BOARD OF COMMISSIONERS OF NATRONA COUNTY
v. BOARD OF COMMISSIONERS OF
FREMONT COUNTY
(No. 1531; March 5, 1929; 275 Pac. 102)

*F. B. Sheldon, Jr.* of Lander, for appellant.

146

*W. J. Wehrli,* for respondent.

*F. B. Sheldon, Jr.,* in reply.

BLUME, Chief Justice.

On November 18, 1926, a criminal action was commenced in the District Court of Fremont County, Wyoming, against Eric H. Ediin. On December 2, 1926, the venue of the action was duly changed to Natrona County, Wyoming. On March 1, 1927, the District Court of Natrona County made and entered an order appointing G. J. Christie, an attorney at law, to assist the prosecuting attorney of Natrona County in prosecuting the action. This appointment was made pursuant to Section 1457, Wyo. C. S. 1920, reading as follows, to-wit:

"The District Court may, whenever it is of the opinion that the public interest requires it, appoint an attorney to assist or act for the prosecuting attorney, in the trial of cases or before the grand jury and, while so assisting or acting, such attorney may perform any act or duty which the prosecuting attorney could perform; and the county shall pay such assistant such compensation for his services as the court shall deem proper, which sum, unless otherwise ordered by the court, shall be deducted from the salary of the prosecuting attorney."

Thereafter the cause was tried, occupying from March 14 to March 19, 1927, both dates inclusive. On March 22, 1927, the court made and entered an order in the cause above mentioned allowing G. J. Christie the sum of $2,847 as his compensation in the case, and providing that the amount should not be deducted from the salary of the prosecuting attorney. The order is in part as follows:

"IT IS, BY THE COURT, ORDERED, That the said G. J. Christie be, and he is hereby allowed the sum of Two Thousand, Eight H u n d r e d and Forty-seven ($2,847.00) Dollars, as and for full compensation for his services in the above entitled case, and,
"IT IS FURTHER ORDERED, That the said above named sum shall be paid to the said G. J. Christie, Esquire, by the County of Natrona and shall be recovered by the County of Natrona from the County of Fremont as a part of the necessary and actual expenses of the trial of said case."

Thereupon Christie presented a verified claim to the board of county commissioners of Natrona County, and that board audited and allowed the claim and thereafter presented an itemized and verified claim against Fremont County. The board of the latter county rejected the claim and the suit herein is brought by Natrona County against Fremont County to recover the amount so paid. The defendant claims that the order appointing Christie was null and void and not binding upon Fremont County, and further, that the amount allowed is excessive. Considerable

evidence was introduced as to the reasonableness of the claim, and it was all to the effect that the amount allowed should not have been in excess of $1,000, aside from expenses incurred. The court entered judgment in favor of Natrona County for the full amount claimed, evidently upon the theory that the order of the court fixing the amount was final and conclusive.

1. Section 7497, Wyo. C. S. 1920, relates to the change of venue in criminal cases, and provides that ''costs accruing from a change of venue shall be paid by the county in which the indictment was found or information was filed.'' It is contended herein by the appellant that fees for an attorney appointed by the court pursuant to the provisions of Section 1457, supra, are not included in the term ''costs.'' The term is, it is true, an indefinite one and in some cases has been held not to include attorneys' fees, while in other cases the contrary has been held. See ''Words and Phrases'' under ''Costs.'' It should not, we think, be construed too narrowly. In the case of Commissioners of Shawnee County v. Commissioners of Wabaunsee County, 4 Kans. 314, the court said:

''It would seem right and proper that each county should bear its own burthens and when in the administration of justice such necessary charges are incurred it does not change the burthen.''

In the case of County Commissioners of Howard County v. County Commissioners of Frederick County, 30 Md. 432, the court, speaking of the justness of each county bearing its own expenses in the administration of justice, said, among other things, as follows:

''It would be manifestly unjust to burthen the people of a county to which the case is removed with taxation to defray such expenses; and whilst the privilege of removal for the purpose of a fair and impartial trial has been secured by the constitution and laws, the legislature has been careful to provide against this injustice, by enacting

that the costs and expenses incident to such trials, which are properly chargeable to the county, shall be borne and paid by the county from which the causes are removed.''

The specific point involved in the case at bar has been decided by the Supreme Court of Indiana. Section 1778 of the Indiana Statutes, in force in 1886, provided that in cases of change of venue the county from which the change was taken should be liable for the expenses of removing, delivering and keeping the prisoner and the expenses of the jury. Section 1779 of the same statutes provided:

''All costs and charges specified in the last preceding section, *or coming justly and* equitably within its provisions, shall be audited and allowed by the court trying such cause.''

The court, in State v. Miller, 107 Ind. 39, 7 N. E. 758, held that attorney fees for a special prosecutor came ''justly and equitably'' within the provisions of the statute, and said, among other things:

''It is now a well settled legal proposition that a circuit or a criminal court, as the case may be, may assign counsel to defend poor persons charged with crime, and may make allowances for services performed under such an assignment of counsel. * * * It is, also, settled that a circuit or criminal court may, in its discretion, appoint an attorney to assist in the prosecution of a criminal offense, and make him an allowance therefor out of the county treasury. Tull v. State ex rel., 99 Ind. 238. It follows, as a necessary consequence, that the same powers are devolved upon a court to which a criminal cause is taken by a change of venue. This was decided by the case of Gordon v. Board, supra, 52 Ind. 322, and was reaffirmed by the recent well considered case of Board v. Courtney, 105 Ind. 311, 4 N. E. 896. The reasonable inference, therefore, is, that allowances regularly made to attorneys, either for prosecuting or defending in a criminal cause by a circuit or criminal court, on a change of venue, come 'justly and equitably within' the provisions of Section 1778, above set out.''

We think that the reasoning of these cases is sound, and that Section 7497, Wyo. C. S. 1920, contemplates that the costs in a criminal case on a change of venue includes all expenses that would properly have been payable by the county in which the case originated had the venue not been changed, and that this includes a reasonable allowance made for an assistant to the prosecuting attorney in the proper case. It may be that there are cases in which such fee should not be paid by any county, but should be taken out of the salary of the prosecuting attorney as contemplated by Section 1457, supra. And see the case of State ex rel v. Lewis and Clarke County, 34 Mont. 351, 86 Pac. 419. But it can hardly be claimed that the instant case is one of them. The case appears to have been an important one. Mr. Christie seems to have been specially conversant with the facts therein, and the county and prosecuting attorney of Natrona County seems not to have been in position to properly present the case without such assistance.

2.   It is contended herein on behalf of Natrona County that the order of the District Court in fixing the amount of the fee is conclusive and that the attack in this case is a collateral one. That is evidently substantially the view taken by the trial court, and this point is perhaps the most important point in this case. It is true that there are some cases which apparently sustain this claim in whole or in part. Waushara County v. Portage County, 83 Wis. 5, 52 N. W. 1135; State v. Franklin, 7 Oh. N. P. 563; Owen v. Wilmer, 131 Md. 175, 101 Atl. 686; Worcester County v. Melvin, 89 Md. 37, 42 A. 910; Cass v. Page County, 203 Iowa 572, 213 N. W. 426. In none of these cases, however, was the point given much consideration except in the Wisconsin case just cited. In that case the court set aside the allowance of costs previously made and then proceeded to lay down a rule by which the county from which the change

of venue had been taken could be heard and fully protected, not alone in a hearing before the court but also in an appeal to the Supreme Court. The court said:

"While we have felt impelled to construe the statute as giving the circuit judge the exclusive right to pass upon such bills, we do not overlook the fact that 'In justice the county to be charged ought to have an opportunity to be heard before its liability is determined, and the further fact that the statute does not in terms preserve such right. The writer of this opinion knows that the practice has been, in some parts of the state at least, to tax such bills without notice. It is plain that the debtor county ought in some way to have its day in court. To that end we think it proper to indicate that in future the taxation of such bills should be done on notice to the district attorney of the debtor county substantially in accordance with the practice prescribed by rule 33 of the Circuit Court rules for the taxation of ordinary bills of costs. In this manner the county will have an opportunity to be heard, and also the right to have the action of the judge reviewed by the court."

The point under consideration has arisen a number of times in Indiana, under the Indiana statutes heretofore mentioned, or previous statutes to the same effect, which, it may be noted, provided that the court before which the case was tried should audit and allow the bills. That is as imperative as, and is substantially the effect of, the provisions of Section 1457, Wyo. C. S. 1920. The point first arose in the case of Board of Commissioners of Brown County. v. Summerfield, 36 Ind. 543, in which it is said in part:

"It is earnestly maintained by the appellee, that the order of the Jennings Circuit Court, settling and allowing the costs and charges was final and conclusive, not only as to the sums allowed, but as to the right of the persons in whose favor such allowances were made, to recover the sum allowed, against the county from which such change of venue was taken. We cannot concur with that view of the law. To make an order or judgment of a court final

and conclusive, it is necessary that the party to be affected should be a party to the record. The action of the Jennings Circuit Court in making such allowance was *ex parte*. The board of commissioners of Brown County was in no sense a party to such proceeding. We think that the evident meaning of the legislature was that the court trying the cause should settle and determine the number of days that the jurors and associate judges were engaged in such trial, and the expense of removing, delivering, and keeping the prisoner, and the sums that the officers of the court were entitled to. We think that the allowances by the court do not conclusively determine the rights of the persons affected thereby, but the sums allowed will be presumed to be correct as to amounts, where the persons to whom such allowances were made were legally entitled to costs or charges. The sums allowed will be found *prima facie* evidence as to amounts, but not as to the legal right of the parties to such allowances.''

This holding was followed in Board v. Courtney, 105 Ind. 311, 4 N. E. 896; State v. Miller, 107 Ind. 39, 7 N. E. 758; Trant v. State, 140 Ind. 414, 39 N. E. 513; State ex rel. v. Jamison, 142 Ind. 679, 42 N. E. 350; Monroe v. State, 157 Ind. 45, 60 N. E. 708; Board v. Board, 27 Ind. App. 378, 61 N. E. 612; Board v. Pollard, 17 Ind. App. 470, 46 N. E. 1012. In State ex rel. v. Jamison, supra, a case involving an attorney fee for an assistant to the prosecuting attorney, exactly as in the case at bar, the court among other things emphatically said:

''To assert the doctrine that a court is authorized, *ex parte,* to make an extraordinary allowance against a county, and enforce the payment thereof, by mandate, through the auditor, without giving it an opportunity to examine into the validity or merits of the claim or allowance, or to contest the same through its own legally constituted agents, in a proper court, would in effect militate against the ancient maxim of jurisprudence, that every one is entitled to his day in court, and no one shall be condemned unheard. The auditor, generally speaking, is not the agent of his county. Therefore, if the court could make large allowances to parties for their services in and about the administration of justice, and, by an *ex parte*

order, make them absolute and conclusive, and compel the payment thereof out of the public funds, by a mandate against the auditor, without giving the county liable therefor the right by its proper agents to examine into the validity of the allowance, or be properly heard in defense thereto; such a proceeding or action of the court might result in subjecting the public money to the payment of unlawful and exorbitant demands. Such a result the law does not intend, and it is the duty of the courts to so construe it as to avoid this mischief, at least, so far as practicable.''

The Supreme Court of Montana, too, has voiced a similar opinion. In State ex rel. v. Major, 58 Mont. 140, 192 Pac. 618, the court construed a clause of a statute to the effect that the ''judge of the District Court of a county where any claim has been disapproved by the county auditor, may order the payment of the same,'' and the court said in part:

''The county as well as the claimant has the right to its day in court and to have a controversy over a disputed claim tried by a jury. This right the legislature cannot take away.''

See also, as similar in effect, People v. Board, 31 Mich. 116. We accordingly conclude on this point that the allowance made to Christie by the District Court of Natrona County is only *prima facie* correct and that the County of Fremont should have an opportunity to contest the reasonableness of the amount in this action.

3. It is contended herein by the county attorney of Fremont County that under the decision of this court in Stoll v. Board of County Commissioners, 6 Wyo. 231, 44 Pac. 58, the costs in a criminal case are primarily the liability of the county from which the change of venue was taken. He argues, accordingly, that the County of Natrona was not compelled to pay the claim and should not have paid it; that the payment by it was voluntary and that accordingly it cannot be recovered, and cites to that effect

the case of Greene County v. Hale County, 61 Ala. 72. It is true that it was wholly unnecessary for the District Court to make an order directing Natrona County to pay the attorney fee. No good purpose could be subserved thereby, and no one would have been inconvenienced, if it had been directed to Fremont County. But it does not follow that Natrona County should be considered a volunteer.

Recovery was allowed under statutes similar to ours in Comm'rs. of Shawnee County v. Comm'rs. of Waubansee County, supra; Board of Comm'rs. of Cheyenne County v. Board of Comm'rs. of Norton County, 77 Kans. 51, 94 Pac. 278; County Comm'rs. of Howard County v. County Comm'rs. of Frederick County, 30 Md. 432; Dawes County v. Sioux County, 77 Nebr. 567, 110 N. W. 378. The statutes in neither Kansas, Maryland, or Nebraska seem to have directed the payment by the county in which the case was tried, or the recovery by that county against the county in which the case originated. The cases seem to have been decided upon the theory that since the statute fixes the primary liability, a just claim that should be paid arises in favor of the county in which the case was tried, and which pays the costs in the first place. Further than that, there was, in the case at bar, in existence an order of the District Court pursuant to which Natrona County paid. The order was absolute, and while limited in its effect, as hereinbefore stated, the payment made by Natrona County should not, we think, under the circumstances, be construed to be a voluntary one, but it should be held that that county may recover from Fremont County whatever the reasonable amount of attorney fees that should have been allowed to Christie may be, and whatever proper expenses may have been incurred by him.

The judgment of the District Court is accordingly reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and Remanded.*

KIMBALL and RINER, JJ., concur.